Aurora G. TAMAYO, as Next Friend of Geronimo Tamayo, Elizabeth Tamayo, Delia Tamayo, and Ruben Tamayo, Appellants,

v.

CITY OF HARLINGEN, Appellee.

No. 1743.

Court of Civil Appeals of Texas, Corpus Christi.

May 21, 1981.

Warren Weir, Gochman & Weir, San Antonio, Richard C. Arroyo, Brownsville, for appellants.

Paul W. O'Leary, Dennis Sanchez, O'Leary, Sanchez & Benton, Brownsville, for appellee.

OPINION

YOUNG, Justice.

This appeal involves the right to recover exemplary damages against the city by the surviving children of a city employee killed while in the course of his employment. Aurora G. Tamayo, as next friend to the children (appellants) of Geronimo Tamayo, Jr., the decedent, brought suit seeking exemplary damages against the City of Harlingen, a municipal corporation (appellee). Summary judgment in favor of the city was granted by the trial court. We affirm.

The facts are undisputed. Geronimo Tamayo, Jr., an employee of the City of Harlingen, was killed by inhalation of a deadly gas while working in the course of his employment at a city sewage lift station. His children, appellants, brought suit to collect actual and exemplary damages for the "... wilful, wanton misconduct and gross negligence ..." of the appellee in causing the death of their father. Prior to the filing of this cause, the appellants began receiving worker's compensation benefits and are still receiving these benefits, which are not contested. Tex.Rev.Civ.Stat.Ann., art. 8306 §§ 3 & 5 (1967).

The crux of this appeal is whether appellants are entitled to exemplary damages. Their claim is based on Article 16, § 26 of the Texas Constitution which provides:

"§ 26 Homicide; liability in damages

Sec. 26. Every person, *corporation*, or company, that may commit a homicide, through wilful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to

any criminal proceeding that may or may not be had in relation to the homicide." (Emphasis supplied.)

In effect, the appellants assert that they have a constitutional right to pursue their claim for exemplary damages against the city as a municipal corporation.

Judgment by the trial court was in the form of summary judgment. The motion for summary judgment filed by appellee, as well as the judgment itself, recites that the appellants' claim for exemplary damages is barred by the doctrine of governmental immunity. It is the uncontroverted position of all the parties that the death of Tamayo occurred while the appellee was performing a "governmental" function for the city. While performing this governmental function, an express waiver of governmental immunity must be effective before a party can recover exemplary damages as we will demonstrate.

The recent Supreme Court decision in *Duhart v. State of Texas,* 610 S.W.2d 740 (Tex.Sup.1980) is dispositive of the right of the surviving children to bring suit for exemplary damages against a governmental entity. The Court in *Duhart* specifically stated: "... the waiver of governmental immunity is a matter addressed to the Legislature. (citations omitted) Thus, the State is immune unless the Legislature has consented to such suits." *Duhart v. State,* supra at 741. The Texas Tort Claims Act did not waive governmental immunity in a suit for exemplary damages. Tex.Rev.Civ. Stat.Ann., art. 6252–19, § 3 (1980). This act applies to "units of government," of which the City of Harlingen, as a municipal corporation, clearly is included. Tex.Rev.Civ. Stat.Ann., art. 6252–19, § 2(1) (1980); *Bryant v. Mission Municipal Hospital,* 575 S.W.2d 136 (Tex.Civ.App.—Corpus Christi 1978, no writ).

The motion for summary judgment was properly granted since no waiver of governmental immunity to an action seeking exemplary damages has been passed by the Legislature. *Duhart v. State of Texas,* supra; see also *Castleberry v. Goolsby Building Corp.,* 608 S.W.2d 763 (Tex.Civ.App.—

Corpus Christi 1980), aff'd, 24 Tex.Sup.Ct.J. 367, —— S.W.2d ——.

The judgment of the trial court is affirmed.