Donna Jean LYNCH, Individually and as Guardian of Ginger Kathleen Lynch, et al, Appellants,

v.

PORT OF HOUSTON AUTHORITY, et al, Appellees.

No. A14–83–610CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 24, 1984.

Rehearing Denied June 14, 1984.

---

1. F.H. O'NEAL, OPPRESSION OF MINORITY SHAREHOLDERS §§ 7.13, 9.04 (1975).

Barney L. McCoy, John E. Sherman, John E. Sherman & Associates, Houston, for appellants.

Jay D. Hirsch, Polly A. Kinnibrugh, Hicks, Hirsch, Glover, Robinson & Sheiness, H. Lee Lewis, Jr., Ross, Griggs & Harrison, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a summary judgment granted on the basis that the Appellees were immune from suit under the doctrine of sovereign immunity. Appellants

(Donna Jean Lynch, Individually and as Guardian of Ginger Kathleen Lynch and Annette Bogany, Individually and as Administratrix of the Estate of Dean C. Bogany, Jr., Deceased) argue that the doctrine of sovereign immunity is inapplicable in this case and that the doctrine violates the Texas and United States Constitutions. We affirm.

William Presley Lynch and Dean C. Bogany, Jr. were employed at the Port of Houston Authority. On the morning of January 15, 1981, a grain bin at a grain elevator owned by the Port of Houston Authority was being fumigated. Later in the afternoon, a cover fell into the bin and Bogany was ordered to enter the bin to retrieve the cover. Bogany was overcome by the fumes from the chemical fumigant. Lynch was sent into the bin to rescue Bogany. Lynch was also overcome by the fumes. Both men later died.

Appellant Lynch and Appellant Bogany filed suit against the Port of Houston, William E. Greer, Alfred Postell, L.C. White, and other defendants. Greer, Postell, and White were also employees of the Port Authority. The Port Authority and the employees filed separate Motions for Summary Judgment. Those motions were granted. The trial court granted Appellants' motions to sever their causes of action against Appellees from the remaining defendants.

Appellant Lynch brings eight points of error. Appellant Bogany raises seven points of error. Several of these points are the same and will be considered together.

■ The first point of error raised by both Appellants is that the doctrine of sovereign immunity should be abandoned. Appellants argue that the doctrine of sovereign immunity is an outmoded principle that this court should reject. This court has refused in the past to reject the doctrine of sovereign immunity. Such a drastic and fundamental change should be made, if at all, by the legislature or the

Supreme Court. *Adams v. Harris County*, 530 S.W.2d 606, 609 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.), *appeal dismissed* 429 U.S. 803, 97 S.Ct. 34, 50 L.Ed.2d 63 (1976). We refuse to judicially abrogate the doctrine of sovereign immunity. The first point of error of each Appellant is overruled.

■ In point of error number two, Appellant Lynch contends that the doctrine of sovereign immunity is in violation of the equal protection clause of the fourteenth amendment to the United States Constitution. Lynch's eighth point of error is that "the trial court erred in granting and sustaining Appellees' Motions for Summary Judgment because the doctrine of sovereign immunity violates the due process clause of the fourteenth amendment to the United States Constitution and Title 42, Section 1983, U.S.C.A." Appellant Bogany's second point of error is that the doctrine violates her fourteenth amendment rights. Appellant Bogany did not present this constitutional argument in response to Appellees' motions for summary judgment. Issues not expressly presented to the trial court by a written motion or answer shall not be considered on appeal as grounds for reversal. TEX.R.CIV.P. 166–A(c). Even constitutional challenges not expressly presented to the trial court by written motion, answer or other response to a motion for summary judgment will not be considered on appeal as grounds for reversal. *Central Bank v. Harris*, 623 S.W.2d 807 (Tex.App.—Austin 1981, no writ). Bogany's second point of error is overruled. Neither Lynch's response to the motion for summary judgment nor original pleadings raised § 1983 and that argument has been waived. Although not very specific, Lynch's response to the motion for summary judgment stated that the doctrine of sovereign immunity "is violative of the rights granted to Plaintiffs by ... the Constitution of the United States of America." This statement was sufficient to raise Lynch's equal protection and due process arguments.

Lynch argues that the doctrine of sovereign immunity, as modified by the Texas Tort Claims Act, violates equal protection by improperly classifying between claimants. Lynch contends that this classification must be tested under a "strict scrutiny" standard. We disagree.

■ There is neither a suspect classification nor fundamental right involved in this case. The "right" that has been denied Lynch is the right to sue the state for exemplary damages. That right has financial value but is not a "fundamental right" as that term has been defined. In the absence of a suspect classification or fundamental right, the Texas Tort Claims Act, which precludes suits against the state for exemplary damages, need only be rationally related to a legitimate governmental purpose. The legislature, when it adopted the Tort Claims Act, could have reasonably concluded that punitive or exemplary damages would not serve as a punishment or deterrent in suits brought against the state. The Act, while it retained immunity in suits for exemplary damages, did allow recovery against the state for actual damages. We believe the Act's distinction between actual and punitive damages is rationally related to the legitimate purpose of compensating claimant's actual losses while protecting the state treasury from having to pay punitive damages when only the taxpayers and not the "wrongdoer" would be punished. Lynch's constitutional attack is overruled.

Appellant Bogany's third point of error is that the Texas Tort Claims Act, Tex.Rev.Civ.Stat.Ann. art. 6252–19, does not exclude her cause of action for exemplary damages. Appellant points out that the Tort Claims Act was amended in 1973 and the Texas Wrongful Death Statute, art. 4671, was last amended in 1975. The Wrongful Death Statute provides that counties and certain school districts are not within the definition of "corporation" and are not within the coverage of the Act. From the later amendment to the Wrongful Death Statute, Appellant argues that the legislature has impliedly waived the sovereign immunity of the state and its agencies in any wrongful death case. We disagree with Appellant's argument.

■ For the legislature to waive the state's sovereign immunity, it must do so by clear and unambiguous language. *Duhart v. State,* 610 S.W.2d 740 (Tex.1980). The Tort Claims Act expressly states that its waiver of governmental immunity does not extend to suits for punitive or exemplary damages. Tex.Rev.Civ.Stat.Ann. art. 6252–19 § 3 (Vernon Supp.1982). In the face of this express limitation, we refuse to find an implied waiver of immunity in suits for exemplary damages. Appellant Bogany's third point of error is overruled.

■ Bogany's fourth point of error is that findings of the Industrial Accident Board cannot be pleaded nor offered into evidence in a suit for exemplary damages. Appellant Bogany was precluded from bringing suit against Appellees for exemplary damages because of the immunity of the Appellees. Since suit was barred, Appellant has failed to show that the admission into evidence of the Board findings, if error, was harmful error. Tex.R.Civ.P. 434. Bogany's fourth point of error is overruled.

■ By point of error number five, Appellant Bogany argues that she "has standing to pursue this cause of action." Appellant seeks to defeat the argument that since her son was an adult at the time of his death, she lacks standing to bring this suit. Since the doctrine of sovereign immunity was an adequate independent basis for the summary judgment, any error in basing the granting of the summary judgment on an additional ground would be harmless. *Hudson v. Buddie's Super Markets, Inc.,* 488 S.W.2d 143 (Tex.Civ.App.—Fort Worth 1972, no writ). Bogany's point of error number five is overruled.

Bogany, in her sixth point, and Lynch, in her third point, argue that the Port of

Houston Authority was performing a "Proprietary" function at the time of the death of Dean C. Bogany, Jr. and William Lynch. By these points both Appellants hope to show that since no "governmental" function was involved, the doctrine of governmental immunity is inapplicable. Bogany's response to the Port Authority's motion for summary judgment did not contain this argument and therefore the argument is waived. Moreover, the "governmental-proprietary function" distinction is inapplicable in this case.

The Port of Houston Authority, a navigation district of the State of Texas, was formerly named the Harris County-Houston Ship Channel Navigation District. A navigation district, like a county, is a political subdivision of the state and can function only in a governmental capacity and it does not have proprietary functions. *Smith v. Harris County-Houston Ship Channel Navigation District*, 330 S.W.2d 672 (Tex.Civ.App—Fort Worth 1959, no writ); *Jones v. Texas Gulf Sulphur Co.*, 397 S.W.2d 304 (Tex.Civ.App.—Houston 1965, writ ref'd n.r.e.). Lynch's third and Bogany's sixth point of error are overruled.

Bogany's final point of error is that the "Port of Houston Authority cannot deny its responsibility for the death of Dean C. Bogany, Jr." This point of error does not direct the court's attention to a particular error requiring reversal of the case. Appellant cites no authority under this point of error but discusses a no contest plea by the Port of Houston Authority in a criminal proceeding arising out of the same transaction. A plea of nolo contendere in a criminal case may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based. TEX.CODE CRIM.PROC.ANN. art. 27.02(5) (Vernon Supp.1982); *See Generally* TEX.R.EVID. 410(2). Bogany's final point of error is overruled.

Lynch's point of error number four is that the trial court erred in granting the summary judgment because the doctrine of sovereign immunity and the prohibition against punitive or exemplary damages embodied in the Tort Claims Act violate Article XVI, Section 26 of the Texas Constitution. Point of error number five is that the $100,000 limitation on actual damages of the Act violates the same provision of the Texas Constitution and the equal protection clause of the fourteenth amendment of the federal constitution. Lynch also argues, in point of error number six, that Section 15 of the Tort Claims Act violates Article XVI, Section 26 of the Texas Constitution. We will discuss these three points together.

Appellant's argument seems to be that Article XVI, Section 26 of the Texas Constitution either can be used as an independent cause of action for exemplary damages or that it is a waiver of governmental immunity for suits seeking exemplary damages. In either respect, Lynch argues that, to the extent of any differences between the Constitution and the Act, the Act is unconstitutional.

Article XVI, Section 26 of the Texas Constitution provides:

> Every person, corporation or company, that may commit a homicide, through wilful act, or omission, or gross neglect, shall be responsible in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide.

Appellant argues that a political subdivision, such as the Port of Houston Authority, is a "person" within the meaning of Article XVI, Section 26.

The argument that Article XVI, Section 26 conferred a constitutional right to pursue a claim for exemplary damages against a governmental entity was raised in *Tamayo v. City of Harlingen*, 618 S.W.2d 102 (Tex.Civ.App.—Corpus Christi, 1981, no writ). In *Tamayo*, the children of a deceased city employee brought suit for exemplary damages against the city. The

children based their claim upon the same provision of the Texas Constitution that Lynch bases her claim. The Corpus Christi court found that, despite Article XVI, Section 26, there has been no waiver of governmental immunity in suits for exemplary damages. We agree.

Article XVI, Section 26, like all constitutional provisions, is to be construed in light of the Common Law as it existed at the time it was adopted. *Jones v. Ross,* 141 Tex. 415, 173 S.W.2d 1022 (1943). The common law at the time Article XVI, Section 26 was adopted included absolute sovereign immunity. Since that constitutional provision does not expressly address the matter of sovereign immunity, we refuse to find that Article XVI, Section 26 is either a waiver of sovereign immunity or an independent source of a cause of action against a governmental entity for exemplary damages. Lynch's fourth point is overruled.

Since the doctrine of sovereign immunity is not affected by Article XVI, Section 26 of the Texas Constitution, the legislature's limited waiver of immunity in the Tort Claims Act does not violate the Texas Constitution. Lynch's response to the motions for summary judgment does not raise the issue of whether the $100,000 limit on damages violates equal protection. That issue is therefore waived. Lynch's point of error number five is overruled.

Lynch also argues that her cause of action is not barred by Section 15 of the Tort Claims Act because that section violates the Texas Constitution. Section 15 preserves the immunity of public employees to the same extent that those persons were immune to suit at the time that Act was adopted. Lynch argues that preserva-tion of employee immunity violates Article XVI, Section 26 of the Texas Constitution. We disagree.

As stated above, Article XVI, Section 26 is to be interpreted in light of the Common Law at the time the constitutional provision was written. Under the Common Law, governmental immunity was the rule. Absent a clear constitutional or statutory waiver of immunity, Lynch's cause of action against the Authority and its employees for exemplary damages is barred. *Duhart v. State,* 610 S.W.2d at 741. We do not believe that the constitutional provision cited by Lynch is a clear waiver of immunity. Lynch's sixth point of error is overruled.

Lynch, in the seventh point, argues that the Workers' Compensation Law, Tex. Rev.Civ.Stat.Ann. art. 8306 § 3 (Vernon Supp.1984), does not bar her suit for exemplary damages against the employees. We believe that the employees were immune from suit on the basis of sovereign immunity. Since there was an adequate independent basis for the granting of the summary judgment, Lynch's seventh point of error is overruled.

The judgment is affirmed.