IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00101-CR through
10-05-00117-CR

 

The State of Texas,

                                                                      Appellant

 v.

 

Rebekah Faith Stanley, ET AL.

                                                                      Appellees

 

 

 



From the County Court at Law 

McLennan County, Texas

Trial Court Nos. 2004-3921-CR1
through 2004-3933-CR1

and Nos. 2004-3935-CR1 through
2004-3938-CR1

 



MEMORANDUM  Opinion










 

          The State has filed motions to dismiss
these seventeen appeals
under Rule of Appellate Procedure 42.2(a).  See Tex. R. App. P. 42.2(a); McClain v. State, 17 S.W.3d
310, 311 (Tex. App.CWaco
2000, no pet.) (per curiam).  We have not issued decisions in these appeals
since the Court of Criminal Appeals remanded them to this Court for further
proceedings.  See State v. Stanley, No. PD-1393-05, 2006 Tex. Crim. App. LEXIS 1816 (Tex. Crim. App. Sept. 20, 2006).  The Clerk of this Court has
sent duplicate copies of the motions to the trial court clerk.  See Tex. R. App. P. 42.2(a); McClain,
17 S.W.3d at 311.  None of the Appellees has filed a response.  Accordingly,
these appeals are dismissed.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Appeal dismissed

Opinion delivered and
filed November 1, 2006

Do not publish

[CR25]

 






-variant: small-caps">Tex. Fam. Code Ann. § 45.103 (Vernon 1998).
      Jackson asserts in his first issue that, to the extent that it prevents him from legally assuming
his chosen Muslim name, section 45.103 of the Texas Family Code violates Article 1 Section 6
of the Texas Constitution. That provision reads “All men have a natural and indefeasible right
to worship Almighty God according to the dictates of their own consciences.” Tex. Const. Art.
I, § 6. However, the record does not indicate that Jackson ever presented this particular
constitutional complaint to the trial court. Neither his original petition nor his motion for
reconsideration assert that section 45.103 violates the Texas Constitution. Even Jackson’s brief
admits that “the Texas Constitution was not considered by the lower court in the instant case.” 
Jackson has chosen to present this argument for the first time on appeal.
      Rule 33.1 of the Texas Rules of Appellate Procedure states:
(a) In General. As a prerequisite to presenting a complaint for appellate review, the
record must show that:
(1) the complaint was made to the trial court by a timely request, objection, or
motion that:
(A) stated the grounds for the ruling that the complaining party sought from the
trial court with sufficient specificity to make the trial court aware of the complaint,
unless the specific grounds were apparent from the context; and
(B) complied with the requirements of the Texas Rules of Civil or Criminal
Evidence or the Texas Rules of Civil or Appellate procedure; and
(2) the trial court:
(A) ruled on the request, objection, or motion, either expressly or implicitly; or
(B) refused to rule on the request, objection, or motion, and the complaining
party objected to the refusal.
 
Tex. R. App. P. 33.1 (Vernon Supp. 1999). A constitutional challenge not presented to the trial
court by written motion, answer, or other response to a motion will not be considered on appeal
as grounds for reversal. City of San Antonio v. Schautteet, 706 S.W.2d 103, 104 (Tex. 1986)
(quoting Lynch v. Port of Houston Authority, 671 S.W.2d 954 (Tex. App.—Houston [14th Dist.]
1984, writ ref’d n.r.e.)). Jackson has not sufficiently preserved his constitutional complaint for
appellate review. His first point of error is overruled.
      In his second, third, and fourth issues, Jackson asserts the trial court erred in denying his
petition without considering the legislative intent underlying section 45.103, the appellant’s
exceptional circumstances, and the applicable public interest. Subsection (a) of the statute gives
the trial court broad discretion in denying a petition for name change when the court finds such
a change would not be in the public interest. However, subsection (b) specifically applies to
petitioners with a final felony conviction. Subsection (b) does not give the trial court discretion
to grant the petition unless (1) the petitioner has received a certificate of discharge or completed
a period of court-ordered probation and not less that two years have passed from the date of the
receipt of discharge or completion of probation, or (2) the petitioner has been pardoned. Tex.
Fam. Code Ann. § 45.103(b) (Vernon 1998). Only under one of those circumstances may a trial
court grant the petition, and then only if the court finds the change to be in the interest of the
petitioner and of the public. Id. 
        Jackson did not request findings of fact and conclusions of law pursuant to Rule 296 of the
Rules of Civil Procedure. As a result, we imply that the trial court made all the necessary findings
in support of the judgment, and the judgment must be affirmed if it can be upheld on any legal
theory that finds support in the evidence. Holt Atherton Industries, Inc. v. Heine, 835 S.W.2d 80,
83 (Tex. 1992); Lassiter v. Bliss, 559 S.W.2d 353 (Tex. 1978), overruled on other grounds by
Cherne Industries v. Magallanes, 763 S.W.2d 768 (Tex. 1989). The record indicates Jackson did
not discharge his commitment to the Department of Criminal Justice until May 4, 1999. The trial
court could have properly concluded it had no discretion to grant the petition under section
45.103(b) because the requisite amount of time had not elapsed since Jackson’s discharge. Under
those circumstances, we cannot say the trial court abused its discretion. Jackson’s second, third,
and fourth issues are overruled.
      The judgment of the trial court is affirmed.
 
                                                                   ROBERT M. CAMPBELL
                                                                   Justice (Sitting by Assignment)
Before Chief Justice Davis,
      Justice Gray and 
      Justice Campbell (Sitting by Assignment)
Affirmed
Opinion delivered and filed October 13, 1999
Do not publish