**CITY OF HOUSTON, Appellant,**

v.

**Joslyn M. JOHNSON, Individually and as Executrix for the Estate of Rodney Johnson, Deceased, Appellee.**

No. 14–10–01098–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 16, 2011.

Jaqueline I. Leguizamon, Judith Saldana Lee Ramsey, Bertrand L. Pourteau, II, Lynette Fons, David M. Feldman, Houston, for appellant.

Brent Haynes, Ben Dominguez II, Houston, for appellee.

Panel consists of Justices ANDERSON, BROWN, and CHRISTOPHER.

**OPINION**

TRACY CHRISTOPHER, Justice.

After her husband Rodney Johnson was shot and killed in the line of duty as a Houston police officer, Joslyn Johnson sued the City of Houston. She alleged that the City was grossly negligent in that it failed to implement policies and procedures to safeguard police officers during routine traffic stops, and that the City's immunity from suit from such a claim is discriminatory and violates the equal-protection clause of the state constitution. The City filed separate pleas to the jurisdiction to each of these claims. The trial court denied the City's pleas to Joslyn's negligence claim and her equal-protection allegations, and has not yet ruled on the City's plea concerning her discrimination arguments. Because the City is immune from suit on the plaintiff's claims before us, we reverse and remand the case with directions to dismiss her gross-negligence and equal-protection claims with prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 21, 2006, Houston police officer Rodney Johnson was patrolling alone in his patrol car when he stopped Juan Leonardo Quintero–Perez for speeding. Johnson arrested Quintero–Perez, searched him, removed a weapon from him, handcuffed him, and placed him in the back seat of the patrol car. While thus positioned, Quintero–Perez shot and killed Johnson.

Acting on behalf of herself and her late husband's estate, Johnson's wife Joslyn sued the City. She initially stated causes of action only for negligence and gross negligence, alleging that the City caused her husband's death by refusing to assign more than one officer to a patrol car. She subsequently amended her petition to assert that the patrol car was in a defective condition in that it did not contain a bullet-

502

proof shield. She further alleged that the City violated her civil rights.

After Joslyn added her allegations of federal civil-rights violations, the City removed the case to federal court and moved to dismiss her suit for failure to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). The federal court granted the motion as to all of Joslyn's federal claims and declined to exercise supplemental jurisdiction over her remaining state-law claim for gross negligence.[1] The case was remanded to the state court, Joslyn amended her petition a fourth and fifth time. As relevant to this appeal, she added allegations that the denial of her right to sue the City for exemplary damages as a result of its gross negligence violates her right to equal protection under the state constitution. The City asserted its governmental immunity in separate pleas to the jurisdiction to each of her state-law claims, and the trial court denied each of them. The City timely filed this interlocutory appeal. *See* TEX. CIV. PRAC. & REM.CODE § 51.014(8) (West 2008)

## II. ISSUES PRESENTED

In two issues, the City argues that the trial court erred in denying its plea to the jurisdiction as to Joslyn's gross-negligence claim and as to her claim that the City's immunity from suit for exemplary damages violates her state right to equal protection.

## III. STANDARD OF REVIEW

 Because immunity from suit deprives a trial court of jurisdiction, a governmental entity properly asserts immunity in a plea to the jurisdiction. *City of*

*Houston v. Williams,* 353 S.W.3d 128, 133–34 (Tex.2011). When the defendant challenges the plaintiff's pleadings, the trial court determines whether the plaintiff has alleged facts sufficient to demonstrate subject-matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). To make this determination, the court considers the pleader's intent and construes the pleadings liberally in favor of jurisdiction. *Id.* If the factual allegations of the pleadings do not affirmatively demonstrate that the trial court has jurisdiction, but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded an opportunity to amend. *Id.* at 226–27. If the pleadings affirmatively negate jurisdiction, the court should sustain the plea and dismiss the suit without allowing the plaintiff an opportunity to amend. *Id.* at 227. Because the existence of jurisdiction is a question of law, we evaluate the trial court's ruling by applying the de novo standard of review. *Williams,* 353 S.W.3d at 133–34.

## IV. ANALYSIS

 Under the doctrine of sovereign immunity, "[a] state cannot be sued in her own courts without her own consent, and then only in the manner indicated by that consent." *Hosner v. DeYoung,* 1 Tex. 764, 769 (1847). When performing governmental functions, municipalities and other political subdivisions derive governmental immunity from the state's sovereign immunity. *Williams,* 353 S.W.3d at 133–34; *City of Galveston v. State,* 217 S.W.3d 466, 469 (Tex.2007). Moreover, home-rule cities like Houston derive their powers from

---

1. She also reasserted the same federal claims in a second suit in state court. The City removed that case to federal court where it was dismissed on the ground of res judicata.

*See Johnson v. City of Houston,* No. H–10–cv–366, 2010 WL 3909929, at * 10 (S.D.Tex. Sept. 30, 2010) (" *Johnson II* ").

the Texas Constitution, not the legislature. *See City of Galveston,* 217 S.W.3d at 469; *City of Houston v. Torres,* 621 S.W.2d 588, 589 (Tex.1981). They accordingly have " 'all the powers of the state not inconsistent with the Constitution, the general laws, or the city's charter.' " *City of Galveston,* 217 S.W.3d at 469 (quoting *Proctor v. Andrews,* 972 S.W.2d 729, 733 (Tex. 1998)). Thus, when a home-rule city is sued for its performance of a governmental function and responds with a plea to the jurisdiction, courts do not ask whether any statute grants immunity from suit, but whether any statute limits the city's immunity from suit. *Id.* (citing *Proctor,* 972 S.W.2d at 733). The party suing the governmental entity must establish the state's consent to the suit, which may be alleged either by reference to a statute or to express legislative permission. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex. 1999).

## A. Joslyn's Gross–Negligence Claim

■ Joslyn argues that the City's immunity from a suit seeking exemplary damages for gross negligence *should* be waived; she does not contend that it *has* been waived. As she explained in her appellate brief, she "simply maintains that Texas law should recognize [such a claim]" when a political subdivision's alleged disregard of state and federal law "creates an unnecessary risk of fatality to those charged with the day to day safeguarding of Texans and their communities." But Texas courts have long deferred to the legislature to determine whether and to what extent immunity should be waived. *City of Galveston,* 217 S.W.3d at 472–73; *Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 341 (Tex.1998) ("[W]hether a governmental unit is immune from liability for a particular claim depends entirely upon statute."); *see also Tex. Natural Res. Conservation*

*Comm'n v. IT–Davy,* 74 S.W.3d 849, 857 (Tex.2002) (noting that the Texas Supreme Court created this general rule over one hundred and fifty years ago). No statute or other act of the legislature waives immunity from suit in the circumstances Joslyn describes. To the contrary, the legislature has affirmatively stated that there is no waiver of immunity from suits in which the claimant seeks exemplary damages, TEX. CIV. PRAC. & REM.CODE ANN. § 101.024 (West 2005), or challenges the way in which governmental entities provide or fail to provide police protection. *Id.* § 101.055(3); *State v. Terrell,* 588 S.W.2d 784, 787 (Tex.1979). We therefore sustain the City's first issue.

## B. Joslyn's Equal–Protection Claim

■ The City next argues that the trial court erred in denying its plea to the jurisdiction as to the alleged violation of Joslyn's state equal-protection rights because she did not and cannot plead any facts to support such a claim against the City. We agree.

■ Equal-protection challenges under the state constitution are analyzed in the same way as those under the federal constitution. *Bell v. Low Income Women of Tex.,* 95 S.W.3d 253, 266 (Tex.2002). Like the federal constitution, the equal-protection clause of the state constitution directs governmental actors to treat all similarly situated persons alike. *Sanders v. Palunsky,* 36 S.W.3d 222, 224–225 (Tex. App.-Houston [14th Dist.] 2001, no pet.) (citing *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985)). Where neither a suspect classification nor a fundamental right is involved, the challenged law survives constitutional scrutiny if it is rationally related to a legitimate governmental purpose. *See Kadrmas v. Dickinson Pub.*

*Sch.*, 487 U.S. 450, 457–58, 108 S.Ct. 2481, 2487, 101 L.Ed.2d 399 (1988). But, if the plaintiff's constitutional claim is facially invalid, the trial court must grant a political subdivision's plea to the jurisdiction asserting governmental immunity. *See City of Dallas v. Jones*, 331 S.W.3d 781, 787 (Tex. App.-Dallas 2010, pet. dism'd). Thus, if the plaintiff fails to plead a viable claim, a governmental defendant remains immune from a suit for alleged equal-protection violations. *See Andrade v. NAACP of Austin*, 345 S.W.3d 1, 10–12 (Tex.2011).

In her live pleading, Joslyn stated that she is "denied the right to sue in gross negligence for exemplary damages according to the Texas Torts Claims Act" and alleged that the denial of this right "is a denial of equal protection" under the Texas constitution. She does not contend that her state equal-protection rights or those of her husband were violated by anything that the City did or failed to do. Instead, she complains of an alleged conflict between the Texas Workers' Compensation Act and the Texas Tort Claims Act.

Under the Texas Workers' Compensation Act, if a covered employee is killed while working, recovery of workers' compensation benefits generally is the employee's beneficiaries' exclusive remedy against the employer. *See* TEX. LAB.CODE ANN. § 408.001(a) (West 2006). This general rule is subject to an exception: the statute does not prohibit the deceased employee's spouse and children from recovering exemplary damages from an employer whose gross negligence or intentional conduct caused the employee's death. *Id.* § 408.001(b). The general rule applies to political subdivisions such as the City; the exception does not. *See id.* § 504.002(a)(6); *see also id.* § 504.002(c) (emphasizing that neither the Texas Workers' Compensation Act nor chapter 504 of the Labor Code "authorizes a cause of action or damages against a political subdivision ... beyond the actions and damages authorized by Chapter 101, Civil Practice and Remedies Code" [the Texas Tort Claims Act] ); TEX. CIV. PRAC. & REM.CODE ANN. § 101.024 (West 2005) (expressly providing that the Texas Tort Claims Act does not authorize exemplary damages).

■ Joslyn argues that because she could assert her gross-negligence claim against a private party, the City's immunity to suit for the same cause of action violates the equal protection clauses of the state and federal constitutions. That, of course, is the nature of governmental immunity: it prevents a claimant from bringing a suit against a governmental entity even though the suit could be brought against a private party. But, the focus of an equal-protection claim is not whether a defendant is treated differently; the question instead is whether the claimant has been treated differently. To assert an equal-protection claim, "[i]t is critical ... that the plaintiff allege he is being treated differently from those whose situation is directly comparable in all material respects." *City of Dallas v. Jones*, 331 S.W.3d at 787.

Joslyn, however, does not allege that the City's governmental immunity from suit for exemplary damages has been waived as to any other claimant or class of claimants. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.024. And she does not contend that anyone has a right, denied her, to sue the City for damages in connection with the way it provides police protection. *See id.* § 101.055. Unless the City also waived immunity from suits for exemplary damages and its immunity from suits arising from the method of providing or the failure to provide police protection, Joslyn would not have the same right as the spouse of an employee killed through a private employer's gross negligence to sue for exemplary

damages. Thus, her complaint seems to be that the Texas Tort Claims Act violates her state right to equal protection because it does not contain a waiver of immunity from a suit for exemplary damages by the spouse of a governmental employee killed while working due to the employer's gross negligence in providing police protection.

■ These allegations do not raise a valid equal-protection claim. Joslyn does not allege that she or her late husband belonged to a protected class. She does not claim that the City, the Texas Workers' Compensation Act, the Texas Tort Claims Act, or any other law interferes with the fundamental rights of anyone whose interests she represents. And she does not contend that the absence of the waiver she seeks lacks a rational relationship to any legitimate governmental end. These are not pleading defects that can be cured by amending the petition to allege additional facts. Regardless of any additional facts that might be alleged, municipal employment is not a suspect classification. *See Lynch v. Port of Houston Auth.*, 671 S.W.2d 954, 958 (Tex.App.-Houston [14th Dist.] 1984, writ ref'd n.r.e.). The right to sue for exemplary damages is not a "fundamental" right. *Id.; accord, Landeros v. City of El Paso*, 804 S.W.2d 188, 189–90 (Tex.App.-El Paso 1991, writ denied). And the absence of a waiver of immunity to Joslyn's claim for exemplary damages is rationally related to a legitimate governmental purpose.

■ As we have previously explained, the legislature reasonably could conclude that a waiver of immunity from suit for exemplary damages would harm taxpayers without advancing the purpose that such damages were intended to serve. *Lynch*, 671 S.W.2d at 958. Exemplary damages are not intended to compensate those harmed by the wrongful conduct, but to punish the wrongdoer. *See* TEX. CIV. PRAC.

& REM.CODE ANN. § 41.001(5) (West 2008). When the alleged tortfeasor sued is the government, it is not the defendant but the taxpayers who are punished. *See Lynch*, 671 S.W.2d at 958. On the other hand, municipalities, like the sovereign from which their immunity is derived, have an interest in managing the public fisc through the appropriations process. *Cf.* TEX. GOV'T CODE ANN. § 311.034 (West 2005). Immunity protects these entities from suits that otherwise would " 'hamper governmental functions by requiring tax resources to be used for defending lawsuits and paying judgments rather than using those resources for their intended purposes.' " *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008) (quoting *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 375 (Tex.2006)). Thus, the "practical necessity of unfettered freedom for government from crippling interferences require[s] a restriction of suability to the terms of the consent, as to persons, courts and procedure." *Great N. Life Ins. Co. v. Read*, 322 U.S. 47, 53–54, 64 S.Ct. 873, 876, 88 L.Ed. 1121 (1944). And as previously discussed, the legislature has not consented to waive immunity from suits seeking exemplary damages or challenging the method of providing or the failure to provide police protection.

We therefore sustain the City's second issue.

## V. CONCLUSION

When pleadings cannot be cured by amendment, we ordinarily do not remand the case but dismiss it with prejudice. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex.2007); *Galveston Indep. Sch. Dist. v. Jaco*, 331 S.W.3d 182, 186–87 (Tex.App.-Houston [ 14th Dist.] 2011, pet. denied). Although Joslyn's gross-negligence and equal-protection allegations are incurably defective, the City

informs us that Joslyn's live pleadings contain an additional cause of action that she characterizes as a discrimination claim. The City represents that it filed a separate plea to the jurisdiction concerning that claim, and that plea "has yet to be decided by the trial court and is not part of this appeal." [2] We therefore reverse the trial court's denial of the City's pleas to the jurisdiction, and remand the case with directions to the trial court to sever and dismiss with prejudice Joslyn's allegations of gross negligence and violations of the state constitutional guarantee of equal protection.[3]

---

2. We further note that Joslyn amended her pleadings to repeat verbatim her prior allegations that the City's immunity from her claim for exemplary damages violates her right to equal protection under the federal constitution. On appeal, Joslyn continues to reurge those claims, and the City asks us to take judicial notice that her federal claims were dismissed from this suit by a federal court, and a second suit asserting the same claim was dismissed based on res judicata. *See Johnson II*, 2010 WL 3909929, at *10. We clarify, however, that those claims are not before us. The City has asked us only to dismiss Joslyn's common-law tort claims and her allegations of a state constitutional equal-protection violation for want of jurisdiction, and this we do. To the extent that the City's briefing could be read as a request to this court to hold that Joslyn's continued attempts to assert those claims are barred by res judicata, we note that a plea of res judicata is an affirmative defense, not a jurisdictional argu-

ment. *See* Tex.R. Civ. P. 94 (listing res judicata among affirmative defenses); *Tex. Highway Dep't v. Jarrell*, 418 S.W.2d 486, 488 (Tex. 1967) (observing that a plea of res judicata is not a plea to the jurisdiction). We therefore lack jurisdiction to address that argument in this interlocutory appeal. *See* Tex. Civ. Prac. & Rem.Code § 51.014(a)(8) (permitting an interlocutory appeal of an order granting or denying a plea to the jurisdiction by a governmental unit); *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex.2011) ("We strictly apply statutes granting interlocutory appeals because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable.").

3. Our opinion should not be read as a comment on the merits of Joslyn's claims against the City. The doctrine of sovereign immunity prevents this or any other court from reaching the merits when there has been no waiver of immunity.