Reversed and Remanded and Opinion filed August 16, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-01098-CV

___________________

 

City of Houston, Appellant

 

V.

 

Joslyn M. Johnson, Individually and as
Executrix for the Estate of Rodney Johnson, Deceased, Appellee



 



 

On
Appeal from the 125th District Court

Harris County,
Texas



Trial Court Cause No. 2008-53919

 



 

 

OPINION

            After
her husband Rodney Johnson was shot and killed in the line of duty as a Houston
police officer, Joslyn Johnson sued the City of Houston.  She alleged that the
City was grossly negligent in that it failed to implement policies and
procedures to safeguard police officers during routine traffic stops, and that
the City’s immunity from suit from such a claim is discriminatory and violates
the equal-protection clause of the state constitution.  The City filed separate
pleas to the jurisdiction to each of these claims.  The trial court denied the
City’s pleas to Joslyn’s negligence claim and her equal-protection allegations,
and has not yet ruled on the City’s plea concerning her discrimination
arguments.  Because the City is immune from suit on the plaintiff’s claims
before us, we reverse and remand the case with directions to dismiss her
gross-negligence and equal-protection claims with prejudice.

I.  Factual and Procedural
Background

            On September
21, 2006, Houston police officer Rodney Johnson was patrolling alone in his
patrol car when he stopped Juan Leonardo Quintero-Perez for speeding.  Johnson
arrested Quintero-Perez, searched him, removed a weapon from him, handcuffed
him, and placed him in the back seat of the patrol car.  While thus positioned,
Quintero-Perez shot and killed Johnson.

            Acting on
behalf of herself and her late husband’s estate, Johnson’s wife Joslyn sued the
City.  She initially stated causes of action only for negligence and gross
negligence, alleging that the City caused her husband’s death by refusing to
assign more than one officer to a patrol car.  She subsequently amended her
petition to assert that the patrol car was in a defective condition in that it
did not contain a bullet-proof shield.  She further alleged that the City
violated her civil rights.    

            After Joslyn added her allegations of
federal civil-rights violations, the City removed the case to federal court and
moved to dismiss her suit for failure to state a claim upon which relief can be
granted.  See Fed. R. Civ. P.
12(b)(6).  The federal court granted the motion as to all of Joslyn’s federal
claims and declined to exercise supplemental jurisdiction over her remaining state-law
claim for gross negligence.[1] 
The case was remanded to the state court, Joslyn amended her petition a fourth
and fifth time.  As relevant to this appeal, she added allegations that the
denial of her right to sue the City for exemplary damages as a result of its
gross negligence violates her right to equal protection under the state
constitution.  The City asserted its governmental immunity in separate pleas to
the jurisdiction to each of her state-law claims, and the trial court denied
each of them.  The City timely filed this interlocutory appeal.  See Tex. Civ. Prac. & Rem. Code § 51.014(8)
(West 2008)

II.  Issues
Presented

            In two
issues, the City argues that the trial court erred in denying its plea to the
jurisdiction as to Joslyn’s gross-negligence claim and as to her claim that the
City’s immunity from suit for exemplary damages violates her state right to
equal protection.

III.  Standard of Review

            Because immunity
from suit deprives a trial court of jurisdiction, a governmental entity
properly asserts immunity in a plea to the jurisdiction.  City of Houston v.
Williams, 54 Tex. Sup. Ct. J. 713, 715, 2011 WL 923980, at *3 (Mar. 18, 2011). 
When the defendant challenges the plaintiff’s pleadings, the trial court
determines whether the plaintiff has alleged facts sufficient to demonstrate
subject-matter jurisdiction.  Tex. Dep’t of Parks & Wildlife v. Miranda,
133 S.W.3d 217, 226 (Tex. 2004).  To make this determination, the court considers
the pleader’s intent and construes the pleadings liberally in favor of
jurisdiction.  Id.  If the factual allegations of the pleadings do not
affirmatively demonstrate that the trial court has jurisdiction, but do not
affirmatively demonstrate incurable defects in jurisdiction, the issue is one
of pleading sufficiency and the plaintiff should be afforded an opportunity to
amend.  Id. at 226–27.  If the pleadings affirmatively negate
jurisdiction, the court should sustain the plea and dismiss the suit without
allowing the plaintiff an opportunity to amend.  Id. at 227.  Because
the existence of jurisdiction is a question of law, we evaluate the trial
court’s ruling by applying the de novo standard of review.  Williams, 54
Tex. Sup. Ct. J. at 715, 2011 WL 923980, at *3.  

IV.  Analysis

            Under the
doctrine of sovereign immunity, “[a] state cannot be sued in her own courts
without her own consent, and then only in the manner indicated by that
consent.”  Hosner v. DeYoung, 1 Tex. 764, 769 (1847).  When performing
governmental functions, municipalities and other political subdivisions derive
governmental immunity from the state’s sovereign immunity.  Williams, 54
Tex. Sup. Ct. J. at 716, 2011 WL 923980, at *3; City of Galveston v. State,
217 S.W.3d 466, 469 (Tex. 2007).  Moreover, home-rule cities like Houston
derive their powers from the Texas Constitution, not the legislature.  See
City of Galveston, 217 S.W.3d at 469; City of Houston v. Torres, 321
S.W.2d 588, 589 (Tex. 1981).  They accordingly have “‘all the powers of the
state not inconsistent with the Constitution, the general laws, or the city’s
charter.’”  City of Galveston, 217 S.W.3d at 469 (quoting Proctor
v. Andrews, 972 S.W.2d 729, 733 (Tex. 1998)).  Thus, when a home-rule city
is sued for its performance of a governmental function and responds with a plea
to the jurisdiction, courts do not ask whether any statute grants immunity
from suit, but whether any statute limits the city’s immunity from
suit.  Id. (citing Proctor, 972 S.W.3d at 733).  The party suing
the governmental entity must establish the state’s consent to the suit, which
may be alleged either by reference to a statute or to express legislative
permission.  Tex. Dep’t of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).

A.        Joslyn’s
Gross-Negligence Claim

            Joslyn
argues that the City’s immunity from a suit seeking exemplary damages for gross
negligence should be waived; she does not contend that it has
been waived.  As she explained in her appellate brief, she “simply maintains
that Texas law should recognize [such a claim]” when a political subdivision’s alleged
disregard of state and federal law “creates an unnecessary risk of fatality to
those charged with the day to day safeguarding of Texans and their
communities.”  But Texas courts have long deferred to the legislature to
determine whether and to what extent immunity should be waived.  City of
Galveston, 217 S.W.3d at 472–73; Dallas County Mental Health &
Mental Retardation v. Bossley, 968 S.W.2d 339, 341 (Tex. 1998) (“[W]hether
a governmental unit is immune from liability for a particular claim depends
entirely upon statute.”); see also Tex. Natural Res. Conservation
Comm’n v. IT-Davy, 74 S.W.3d 849, 857 (Tex. 2002) (noting that the Texas
Supreme Court created this general rule over one hundred and fifty years ago). 
No statute or other act of the legislature waives immunity from suit in the
circumstances Joslyn describes.  To the contrary, the legislature has
affirmatively stated that there is no waiver of immunity from suits in which
the claimant seeks exemplary damages, Tex.
Civ. Prac. & Rem. Code Ann. § 101.024 (West 2005), or challenges the
way in which governmental entities provide or fail to provide police
protection.  Id. § 101.055(3); State v. Terrell, 588 S.W.2d
784, 787 (Tex. 1979).  We therefore sustain the City’s first issue.

B.        Joslyn’s
Equal-Protection Claim

            The City next
argues that the trial court erred in denying its plea to the jurisdiction as to
the alleged violation of Joslyn’s state equal-protection rights because she did
not and cannot plead any facts to support such a claim against the City.  We
agree.

            Equal-protection
challenges under the state constitution are analyzed in the same way as those
under the federal constitution.  Bell v. Low Income Women of Tex., 95
S.W.3d 253, 266 (Tex. 2002).  Like the federal constitution, the
equal-protection clause of the state constitution directs governmental actors
to treat all similarly situated persons alike.  Sanders v. Palunsky, 36
S.W.3d 222, 224–225 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (citing City
of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 87
L. Ed. 2d 313 (1985)).  Where neither a suspect classification nor a
fundamental right is involved, the challenged law survives constitutional
scrutiny if it is rationally related to a legitimate governmental purpose.  See
Kadrmas v. Dickinson Pub. Sch., 487 U.S. 450, 457–58, 108 S. Ct.
2481, 2487, 101 L. Ed. 2d 399 (1988).  But, if the plaintiff’s constitutional
claim is facially invalid, the trial court must grant a political subdivision’s
plea to the jurisdiction asserting governmental immunity.  See City
of Dallas v. Jones, 331 S.W.3d 781, 787 (Tex. App.—Dallas 2010, pet.
dism’d).  Thus, if the plaintiff fails to plead a viable claim, a governmental
defendant remains immune from a suit for alleged equal-protection violations.  See
Andrade v. NAACP of Austin, 54 Tex. Sup. Ct. J. 1401, 2011 WL 2601351, at
*6 (July 1, 2011).  

            In her live
pleading, Joslyn stated that she is “denied the right to sue in gross
negligence for exemplary damages according to the Texas Torts Claims Act” and
alleged that the denial of this right “is a denial of equal protection” under
the Texas constitution.  She does not contend that her state equal-protection
rights or those of her husband were violated by anything that the City did or
failed to do.  Instead, she complains of an alleged conflict between the Texas
Workers’ Compensation Act and the Texas Tort Claims Act.

            Under the
Texas Workers’ Compensation Act, if a covered employee is killed while working,
recovery of workers’ compensation benefits generally is the employee’s
beneficiaries’ exclusive remedy against the employer.  See Tex. Lab. Code Ann. § 408.001(a)
(West 2006).  This general rule is subject to an exception: the statute does
not prohibit the deceased employee’s spouse and children from recovering
exemplary damages from an employer whose gross negligence or intentional
conduct caused the employee’s death.  Id. § 408.001(b).  The
general rule applies to political subdivisions such as the City; the exception
does not.  See id. § 504.002(a)(6); see also id. § 504.002(c)
(emphasizing that neither the Texas Workers’ Compensation Act nor chapter 504
of the Labor Code “authorizes a cause of action or damages against a political
subdivision . . . beyond the actions and damages authorized
by Chapter 101, Civil Practice and Remedies Code” [the Texas Tort Claims Act]);
Tex. Civ. Prac. & Rem. Code Ann.
§ 101.024 (West 2005) (expressly providing that the Texas Tort Claims Act
does not authorize exemplary damages).  

            Joslyn
argues that because she could assert her gross-negligence claim against a
private party, the City’s immunity to suit for the same cause of action
violates the equal protection clauses of the state and federal constitutions.  That,
of course, is the nature of governmental immunity: it prevents a claimant from
bringing a suit against a governmental entity even though the suit could be
brought against a private party.  But, the focus of an equal-protection claim
is not whether a defendant is treated differently; the question instead is whether
the claimant has been treated differently.  To assert an equal-protection
claim, “[i]t is critical . . . that the plaintiff allege he
is being treated differently from those whose situation is directly comparable
in all material respects.”  City of Dallas v. Jones, 331 S.W.3d at 787. 


            Joslyn,
however, does not allege that the City’s governmental immunity from suit for
exemplary damages has been waived as to any other claimant or class of
claimants.  See Tex. Civ. Prac.
& Rem. Code Ann. § 101.024.  And she does not contend that
anyone has a right, denied her, to sue the City for damages in connection with
the way it provides police protection.  See id. § 101.055.  Unless
the City also waived immunity from suits for exemplary damages and its immunity
from suits arising from the method of providing or the failure to provide
police protection, Joslyn would not have the same right as the spouse of an
employee killed through a private employer’s gross negligence to sue for
exemplary damages.  Thus, her complaint seems to be that the Texas Tort Claims
Act violates her state right to equal protection because it does not contain a
waiver of immunity from a suit for exemplary damages by the spouse of a
governmental employee killed while working due to the employer’s gross
negligence in providing police protection.  

            These
allegations do not raise a valid equal-protection claim.  Joslyn does not
allege that she or her late husband belonged to a protected class.  She does
not claim that the City, the Texas Workers’ Compensation Act, the Texas Tort
Claims Act, or any other law interferes with the fundamental rights of anyone
whose interests she represents.  And she does not contend that the absence of
the waiver she seeks lacks a rational relationship to any legitimate
governmental end.  These are not pleading defects that can be cured by amending
the petition to allege additional facts.  Regardless of any additional facts
that might be alleged, municipal employment is not a suspect classification.  See
Lynch v. Port of Houston Auth., 671 S.W.2d 954, 958 (Tex. App.—Houston
[14th Dist.] 1984, writ ref’d n.r.e.).  The right to sue for exemplary damages
is not a “fundamental” right.  Id.; accord, Landeros v. City
of El Paso, 804 S.W.2d 188, 189–90 (Tex. App.—El Paso 1991, writ denied).  And
the absence of a waiver of immunity to Joslyn’s claim for exemplary damages is rationally
related to a legitimate governmental purpose. 

            As we have
previously explained, the legislature reasonably could conclude that a waiver
of immunity from suit for exemplary damages would harm taxpayers without
advancing the purpose that such damages were intended to serve.  Lynch,
671 S.W.2d at 958.  Exemplary damages are not intended to compensate those
harmed by the wrongful conduct, but to punish the wrongdoer.  See Tex. Civ. Prac. & Rem. Code Ann.
§ 41.001(5) (West 2008).  When the alleged tortfeasor sued is the
government, it is not the defendant but the taxpayers who are punished.  See
Lynch, 671 S.W.2d at 958.  On the other hand, municipalities, like the
sovereign from which their immunity is derived, have an interest in managing
the public fisc through the appropriations process.  Cf. Tex. Gov’t Code Ann. § 311.034 (West
2005).  Immunity protects these entities from suits that otherwise would “‘hamper
governmental functions by requiring tax resources to be used for defending
lawsuits and paying judgments rather than using those resources for their
intended purposes.’”  Mission Consol. Indep. Sch. Dist. v. Garcia, 253
S.W.3d 653, 655 (Tex. 2008) (quoting Reata Constr. Corp. v. City of Dallas,
197 S.W.3d 371, 375 (Tex. 2006)).  Thus, the “practical necessity of unfettered
freedom for government from crippling interferences require[s] a restriction of
suability to the terms of the consent, as to persons, courts and procedure.”  Great
N. Life Ins. Co. v. Read, 322 U.S. 47, 53–54, 64 S. Ct. 873, 876, 88 L. Ed.
1121 (1944).  And as previously discussed, the legislature has not consented to
waive immunity from suits seeking exemplary damages or challenging the method
of providing or the failure to provide police protection.

            We therefore
sustain the City’s second issue.

V.  Conclusion

            When pleadings
cannot be cured by amendment, we ordinarily do not remand the case but dismiss
it with prejudice.  See Tex. A & M Univ. Sys. v. Koseoglu, 233
S.W.3d 835, 840 (Tex. 2007); Galveston Indep. Sch. Dist. v. Jaco, 331
S.W.3d 182, 186–87 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). 
Although Joslyn’s gross-negligence and equal-protection allegations are
incurably defective, the City informs us that Joslyn’s live pleadings contain an
additional cause of action that she characterizes as a discrimination claim. 
The City represents that it filed a separate plea to the jurisdiction
concerning that claim, and that plea “has yet to be decided by the trial court
and is not part of this appeal.”[2] 
We therefore reverse the trial court’s denial of the City’s pleas to the
jurisdiction, and remand the case with directions to the trial court to sever and
dismiss with prejudice Joslyn’s allegations of gross negligence and violations
of the state constitutional guarantee of equal protection.[3]  

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Justices
Anderson, Brown, and Christopher.

 









[1] She also reasserted the
same federal claims in a second suit in state court.  The City removed that
case to federal court where it was dismissed on the ground of res judicata.  See
Johnson v. City of Houston, No. H-10-cv-366, 2010 WL 3909929, at *10 (S.D.
Tex. Sept. 30, 2010) (“Johnson II”).





[2] We further note that
Joslyn amended her pleadings to repeat verbatim her prior allegations that the
City’s immunity from her claim for exemplary damages violates her right to
equal protection under the federal constitution.  On appeal, Joslyn continues
to reurge those claims, and the City asks us to take judicial notice that her
federal claims were dismissed from this suit by a federal court, and a second
suit asserting the same claim was dismissed based on res judicata.  See Johnson
II, 2010 WL 3909929, at *10.  We clarify, however, that those claims are
not before us.  The City has asked us only to dismiss Joslyn’s common-law tort
claims and her allegations of a state constitutional equal-protection violation
for want of jurisdiction, and this we do.  To the extent that the City’s
briefing could be read as a request to this court to hold that Joslyn’s
continued attempts to assert those claims are barred by res judicata, we note
that a plea of res judicata is an affirmative defense, not a jurisdictional
argument.  See Tex. R. Civ.
P. 94 (listing res judicata among affirmative defenses); Tex. Highway Dep’t
v. Jarrell, 418 S.W.2d 486, 488 (Tex. 1967) (observing that a plea of res
judicata is not a plea to the jurisdiction).  We therefore lack jurisdiction to
address that argument in this interlocutory appeal.  See Tex. Civ. Prac. & Rem. Code
§ 51.014(a)(8) (permitting an interlocutory appeal of an order granting or
denying a plea to the jurisdiction by a governmental unit); CMH Homes v.
Perez, 340 S.W.3d 444, 447 (Tex. 2011) (“We strictly apply statutes
granting interlocutory appeals because they are a narrow exception to the
general rule that interlocutory orders are not immediately appealable.”).





[3] Our opinion should not be
read as a comment on the merits of Joslyn’s claims against the City.  The
doctrine of sovereign immunity prevents this or any other court from reaching
the merits when there has been no waiver of immunity.