COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MICHAELA WARD, | § | No. 08-08-00143-CV |
| Appellant, | § | Appeal from the |
| v. | § | 219th Judicial District Court |
| | § | |
| LINDA THERET, INDIVIDUALLY AND | | of Collin County, Texas |
| AS PRINCIPAL OF MCKINNEY | § | |
| NORTH HIGH SCHOOL, | | (TC# 219-03211-07) |
| | § | |
| Appellee. | | |

**O P I N I O N**

Michaela Ward appeals the trial court's order of dismissal in her case for wrongful termination and breach of contract. She argues the trial court erred by granting Linda Theret's plea to the jurisdiction and by awarding attorney's fees.

Michaela Ward was hired by McKinney Independent School District ("MISD") in January of 2006, to teach Social Studies at McKinney North High School ("McKinney North").[1] Linda Theret was the principal at McKinney North during Ms. Ward's tenure there. In addition to her regular classes, Ms. Ward was also the staff sponsor of the high school's cheerleading program.

In the Spring of 2006, a disagreement arose between Ms. Ward and school administrators, including Principal Theret, over punishments assessed against several members of the varsity

---

[1] Ms. Ward was teaching at McKinney North under a probationary teaching certificate in Social Studies. She was in the process of certification requirements when she was hired by MISD.

cheerleading squad. This particular group of girls had a history of general disrespect for teachers and other school officials, they had been caught leaving school grounds without permission, violating the school dress code, and making obscene gestures toward school staff. There were instances of underage drinking at off-campus parties, and one instance where at least one of the girls arrived at a homecoming celebration intoxicated. During the semester, photographs surfaced depicting some of the girls in sexually suggestive poses. One of the photographs showed the girls, in their North McKinney uniforms, holding large candles shaped like male genitalia. Disagreements over how to discipline the girls arose between Ms. Ward, Ms. Theret, and other school officials. Ultimately, these disagreements lead to the end of Ms. Ward's tenure at McKinney North High School.

Ms. Ward filed suit against MISD, its superintendent, Ms. Theret, and several other officials on September 18, 2007. The petition included claims for breach of contract, wrongful termination, and defamation. On October 2, 2007, Ms. Theret answered the suit and filed a plea to the jurisdiction, arguing that sovereign immunity barred Ms. Ward's claims and raising a claim for attorney's fees under the Texas Education Code Sections 22.0517 and 22.055.

Ms. Ward amended her petition on November 8, 2007, adding claims for interference with a contract and "denial of due process" to her causes of action. Less than two weeks later, Ms. Ward filed a notice of non-suit. The notice requested the trial court "sign an order of nonsuit on all claims against all Defendants." The trial court entered an order non-suiting Ms. Ward's claims on November 20, 2007.

The trial court held an evidentiary hearing on December 10, 2007. The Defendant's presented evidence in support of their claims for attorney's fees. The trial court entered a final

order the next day. According to the judgment, the trial court had issued a memorandum decision on November 12, 2007, prior to Ms. Ward's non-suit. This memorandum included the trial court's decision to grant Ms. Theret's plea to the jurisdiction. The court's final order also awarded Ms. Theret $14,071 for attorney's fees and costs. Ms. Ward's claims were dismissed with prejudice.

Ms. Ward presents two issues for review. In her first issue, Ms. Ward argues the trial court erred by granting Ms. Theret's plea to the jurisdiction. In Issue Two, Ms. Ward asserts the trial court erred by awarding Ms. Theret attorney's fees.

Both parties spend considerable time in their briefs arguing their respective positions in Issue One, regarding the trial court's decision to grant Ms. Theret's plea to the jurisdiction. After a close review of the record however, we have concluded that Ms. Ward's non-suit has rendered these arguments moot.

In Texas, parties have an absolute right to non-suit their own claims for relief at any time during the litigation until they have introduced all evidence other than rebuttal evidence at trial. TEX.R.CIV.P. 162; *Villafani v. Trejo*, 251 S.W.3d 466, 468-69 (Tex. 2008). A non-suit extinguishes a case or controversy from the moment the motion is filed, or an oral motion is made in open court. *University of Texas Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006)(per curiam). Courts are limited by the mootness doctrine to deciding only cases in which an actual controversy exists. *Lincoln Prop. Co. v. Kondos*, 110 S.W.3d 712, 715 (Tex.App.--Dallas 2003, no pet.). Because Ms. Ward's claims against Ms. Theret were extinguished on November 16, 2007, by the notice of non-suit, Ms. Theret's plea to the jurisdiction was rendered moot. *See Estate of Blackmon*, 195 S.W.3d at 101.

Accordingly, there was no plea to the jurisdiction pending at the time the trial court entered its final judgment. *See Young v. Villegas*, 231 S.W.3d 1, 6 (Tex.App.--Houston [14th Dist.] 2007, pet. denied). Issue One is overruled.

We are left with the question of Ms. Theret's attorney's fees award. In Issue Two, Ms. Ward contends that the trial court abused its discretion because there is no statutory basis to support the award. The availability of attorney's fees under a particular statute is a question of law for the court. *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999). The question is subject to *de novo* review. *El Paso Natural Gas Co. v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 312 (Tex. 1999). We construe statutory provisions to ascertain and effectuate the Legislature's intent, and we ascertain that intent by first looking to the plain and common meaning of the statutory language. *Tex. Mut. Ins. Co. v. Sonic Sys. Int'l, Inc.*, 214 S.W.3d 469, 476 (Tex.App.--Houston [14th Dist.] 2006, pet. denied). When the meaning of the statute is unambiguous, we must interpret it according to all of its terms, giving meaning to the language consistent with other provisions. *See Tex. Dept. of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004).

Ms. Ward asserts the attorney's fees award was erroneous because Ms. Theret never proved she was immune from liability as required by Section 22.0517 of the Texas Education Code. In the alternative, Ms. Ward argues the Education Code, Section 22.055 does not provide a basis for the award because the suit is not of the type addressed by the statute. We will address Section 22.0517 first.

The trial court concluded as a matter of law that Ms. Theret was protected by official immunity from all claims brought by Ms. Ward. Section 22.0517 provides:

In an action against a professional employee of a school district involving an act that is incidental to or within the scope of duties of the employee's position of employment and brought against the employee in the employee's individual capacity, the employee is entitled to recover attorney's fees and court costs from the plaintiff if the employee is found immune from liability under this subchapter.

TEX.EDUC.CODE ANN. § 22.0517 (Vernon 2006).

Section 22.0511 defines "immunity" for the purposes of Chapter 22. It states:

(a)     A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students.

TEX.EDUC.CODE ANN. § 22.0511(a)(Vernon Supp. 2008).

Reading these two provisions together, the plain language of the statutes indicates the Legislature intended for professional school district employees to be immune from personal liability in most cases. Absent allegations of excessive force, or negligence resulting in physical injury, the Legislature has provided professional school district employees with protection from personal liability, and the ability to recover the expenses incurred in defending the suit. *See* TEX.EDUC.CODE ANN. §§ 22.0511(a), 22.0517. There is no dispute that Ms. Theret was sued in her personal capacity, nor is there argument that she was not a professional school district employee. As head campus administrator, a principal's professional duties include decisions regarding student discipline and employment matters. Finally, this suit involves an employment dispute, not allegations of excessive force or physical injury.

Ms. Ward argues that the attorney's fees award was not authorized by the statute because: (1) the record does not contain a jury finding of immunity; and (2) Ms. Theret was acting outside

her discretionary authority regarding the girl's punishment. She concludes that Ms. Theret does not qualify for an award pursuant to Section 22.0517. *See* TEX.EDUC.CODE ANN. § 22.0517.

Section 22.0517 speaks specifically in terms of immunity from liability. *See* TEX.EDUC.CODE ANN. § 22.0517 ("employee is entitled to recover attorney's fees and court costs from the plaintiff if the employee is found immune from liability . . . ."). The concept of immunity from liability is distinct from the jurisdictional limitations of immunity from suit. *See Tex. Dept. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Immunity from liability and immunity from suit are two aspects of the large doctrine of sovereign immunity. *Id*.

As we have already discussed, the jurisdictional immunity issues in the case were extinguished by Ms. Ward's non-suit. Ms. Theret's attorney's fees claim was one of the few issues left before the trial court. Part of Ms. Theret's claim included a determination of her immunity from liability under Section 22.0517. Ms. Ward does not cite us to a page in the record, and we have been unable to locate a jury trial request on the issue of Ms. Theret's Section 22.0517 claim for attorney's fees. The trial court's findings of fact and conclusions of law specifically state that Ms. Theret was entitled to attorney's fees pursuant to Section 22.0517. Implicit in that finding are determinations that Ms. Theret was acting within her discretionary authority regarding student punishment, and that she was immune from liability as a professional employee.[2] Accordingly, we conclude that the trial court did not err in awarding Ms. Theret her attorney's fees in accordance with Section 22.0517, and there is no need to discuss the award in light of Section 22.055. Issue Two is overruled.

---

[2] Ms. Ward has not challenged the legal or factual sufficiency of the trial court's findings of fact and conclusions of law.

Having overruled all of Appellant's issues, we affirm the trial court's judgment.


July 15, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.