In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00321-CV
_____

**JOANN COMPTON, Appellant**

**V.**

**PORT ARTHUR INDEPENDENT SCHOOL DISTRICT, JOHNNY E. BROWN, AND EMILY KING, Appellees**

On Appeal from the 136th Judicial District Court
Jefferson County, Texas
Trial Cause No. D-193,803

**MEMORANDUM OPINION**

Appellant Joann Compton appeals the trial court's orders dismissing her claims against the Port Arthur Independent School District (the District); the District's superintendent, Johnny E. Brown; and Compton's supervisor, Emily King. By four appellate issues, Compton argues that: (1) the trial court erred in granting the District's plea to the jurisdiction for failure to state a viable claim, (2) the injunction sought by Compton was not moot, (3) Brown and King were not entitled

1

to immunity under the Texas Tort Claims Act, and (4) the District Court's award of attorney's fees to Brown and King was improper. We overrule Compton's issues and affirm the trial court's orders dismissing her claims and awarding attorney's fees.

## I. Background

In this suit, Compton complains that the Defendants violated her right to free speech. Compton began working as a Speech Language Pathologist for the District in August, 2009. In that capacity, she provided speech therapy to students at three campuses within the school district. At some point during her first year of employment with the District, Compton complained to her supervisors, King and Sharon Boutte[1], that student reports she printed from one school were being routed to a printer that was located in a public hallway at another school and that she believed such open access to the reports to be a problem with regard to federal student privacy rights. Compton alleges that after she made this complaint and attempted to have the printer set-up corrected through the District's IT department, King created a hostile work environment by giving Compton an "exhausting and

---

[1] Compton named Sharon Boutte as a defendant in her original pleadings, but omitted Boutte as a party in her amended petition. Boutte filed a plea to the jurisdiction jointly with Brown, King, and the District, and the trial court's order granting the plea to the jurisdiction dismissed Compton's claims against Boutte with prejudice. On appeal, Compton does not challenge the dismissal of her claims against Boutte. On December 8, 2015, Compton notified this Court that Boutte was dropped as a party.

rigorous schedule of meetings" in late Fall 2010, and then initiating an investigation against Compton based on "false accusations of Medicaid fraud."

The fraud investigation concerned Compton's documentation of services delivered to students. One of Compton's duties as a speech therapist was to accurately record and report the services she provided to each student so that the District could be reimbursed by Medicaid. Due to discrepancies in Compton's documentation regarding the dates and times of services rendered to particular students, the District was never able to submit any of Compton's paperwork to the federal government for reimbursement. In October 2010, the District commenced an investigation into the documentation anomalies, and Compton was placed on administrative leave while the investigation was pending. Following the investigation, Compton requested, and was granted, a reassignment as a content mastery teacher.[2]

After being granted her reassignment to the teaching position, Compton filed this suit seeking a declaratory judgment that her constitutional right of free speech had been violated and an injunction against future violations, as well as costs and attorney's fees. Brown, King, Boutte, and the District all responded to the suit by

---

[2] The record before this court is unclear as to the timeline between the conclusion of the investigation and Compton's commencement of her reassigned position; however, the precise timeline is not relevant to the dispositive issues herein.

filing a plea to the jurisdiction with their original answer, followed by a separate Plea to the Jurisdiction, or, Alternatively, Motion to Dismiss, alleging that the trial court did not have jurisdiction over the subject matter. Specifically, Brown, King, and Boutte sought dismissal based on the professional immunity provided in section 22.0511 of the Texas Education Code, as well as under the election of remedies doctrine of the Texas Tort Claims Act ("TTCA"). *See* Tex. Educ. Code Ann. § 22.0511(a) (West 2012); Tex. Civ. Prac. & Rem. Code § 101.106 (West 2011). The District sought dismissal based on governmental immunity, asserting that Compton's claims did not fall within any waiver of that immunity. The District subsequently supplemented its plea to assert that Compton's claims were moot in light of her having transferred at her own request. The District then supplemented its plea a second time to expand on its claim that official and governmental immunity deprived the court of subject-matter jurisdiction over Compton's claims because Compton had failed to allege sufficient facts in her pleadings to demonstrate that she had any facially valid constitutional claims against the District or its employees.

The trial court conducted a non-evidentiary hearing on the defendants' various jurisdictional challenges. Following the hearing, on April 23, 2015, the trial court entered an order dismissing Compton's claims against Brown, Boutte, and King, and dismissed those individual defendants with prejudice. The court's order did not

4

specify the grounds upon which the dismissal was granted, although it did acknowledge the matter considered was both a Plea to the Jurisdiction and Motion to Dismiss filed pursuant to section 22.051 of the Texas Education Code and section 101.106 of the Civil Practices and Remedies Code. Shortly thereafter, on April 29, 2015, the trial court entered a second order, this one granting the District's plea to the jurisdiction. In its order dismissing Compton's claims against the District, the court found that Compton "failed to state a viable claim under the free expression clause which protects public employees engaging in free speech of public concern."

Compton filed a Motion for New Trial as to both orders, and Brown, Boutte, and King filed an application for attorney's fees pursuant to section 22.0511 of the Texas Education Code. The trial court held a hearing on Compton's motion and the individual defendants' application. Following the hearing, the trial court issued a letter to all counsel setting forth its findings and opinions on the issues presented and advising of its intended rulings. In its letter, dated June 24, 2015, the court elaborated on its specific findings that Compton's speech was not protected because it was made pursuant to official duties and because it was made in a private context between employer and employee; therefore, Compton had failed to plead a proper constitutional violation, rendering the granting of the District's plea to the jurisdiction appropriate. The court further found that dismissal for lack of

5

jurisdiction was appropriate because Compton's requested and granted transfer without any allegation of subsequent retaliation either deprived the case of a justiciable issue or rendered the issue moot.[3]

The letter also addressed the application of the individual defendants for attorney's fees, finding that all actions taken by Brown, Boutte, and King were "in fact, within the scope of and/or incident to their duties," which entitled them to recovery of their collective attorney's fees.

Finally, with regard to the dismissal of the individual defendants, the court noted that section 22.0511 of the Texas Educational Code provided the individuals immunity from liability, but "does not, however, provide immunity from suit, and therefore, is not a proper basis for a Plea to the Jurisdiction." The letter indicates that the order dismissing the individual defendants "should be vacated"; however, no order was ever entered vacating the dismissal order. To the contrary, on July 1, 2015, the trial court explicitly "affirm[ed] its [o]rders dismissing Plaintiff's claims against [the District and the individual defendants] with prejudice" in a written order denying Compton's motion for new trial. That order also awarded attorney's fees to

---

[3] The trial court's finding that Compton failed to plead a proper constitutional violation, as well as its findings regarding justiciability and mootness, do not refer specifically or exclusively to the District, but rather to "the defendants" collectively.

6

Brown and King, jointly and severally. Compton filed a timely notice of appeal from the orders dismissing her claims.

## II. Analysis

Compton's first two issues on appeal challenge the trial court's dismissal of her claims for lack of subject-matter jurisdiction; her third issue challenges the dismissal of Brown and King, arguing that those individuals were not entitled to professional immunity. Compton's fourth issue challenges the court's award of attorney's fees to Brown and King.

### A. Dismissal of Compton's Claims Against the District

In filing its pleas to the jurisdiction, the District challenged the trial court's subject-matter jurisdiction over the claims in Compton's pleadings, asserting that the District was protected from suit by governmental immunity. The doctrine of governmental immunity from suit operates like sovereign immunity to defeat a trial court's subject matter jurisdiction over a claim against a political subdivision, like a school district, unless the state has expressly consented to suit. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). As such, governmental immunity may be properly raised in a plea to the jurisdiction. *Id*. Whether a trial court has subject-matter jurisdiction over a claim is a question of law, which we review on appeal *de novo*. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

7

The plaintiff bears the burden of pleading sufficient facts to affirmatively show that the trial court has jurisdiction to hear the cause. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993). When, as is the case here, a plea to the jurisdiction challenges the sufficiency of the plaintiff's pleadings to establish a waiver of governmental immunity, and thereby establish jurisdiction, we must determine whether the plaintiff has pled a facially valid constitutional claim. *See Klumb v. Houston Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 13 (Tex. 2015) (citing *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009)); *City of Houston v. Johnson*, 353 S.W.3d 499, 504 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). In doing so, we construe the pleadings liberally in the plaintiff's favor and look to her intent. *Miranda*, 133 S.W.3d at 226. If the pleadings fail to allege sufficient facts to demonstrate jurisdiction, but the deficiency is curable, the plaintiff "should be afforded the opportunity to amend." *Id.* at 226–27. If, on the other hand, "the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Id.* at 227.

### 1. Failure to State a Claim

Compton argues that the trial court's grant of the District's plea to the jurisdiction for failure to state a claim was improper because Compton's speech was,

as a matter of law, protected under the Texas Constitution. Although Compton argues that the protections afforded to her under article I, section 8 of the Texas Constitution are greater than those of the freedom of speech clause in the First Amendment of the United States Constitution, we note that Texas courts have generally refused to hold that the Texas Constitution's free-speech clause affords a plaintiff greater rights than does the First Amendment except in terms of prior restraint. *See generally Tex. Dep't of Transp. v. Barber*, 111 S.W.3d 86, 106 (Tex. 2003) (quoting *Operation Rescue–Nat'l v. Planned Parenthood of Houston & Se. Tex., Inc.*, 975 S.W.2d 546, 557–60 (Tex. 1998)). Recognizing this authority, Compton attempts to distinguish her case from *Barber* with a "historical and textual basis for a more expansive reading of [a]rticle 1, [s]ection 8 of the Texas Constitution"; however, in doing so, she fails to cite any authority supporting that the elements of a free-speech claim under the Texas Constitution are different than the elements that must be pled under a First Amendment claim, in the context of prior restraint or otherwise, nor does she demonstrate how such differences "are material to [her] case." *See Bentley v. Bunton*, 94 S.W.3d 561, 579 (Tex. 2002); *see also Operation Rescue*, 975 S.W.2d at 559 (noting that "[t]he text, history, and purposes of [a]rticle 1, [s]ection 8 have been thoroughly examined by [the Texas Supreme Court]" and finding, even in cases of prior restraint, nothing to suggest that

9

injunctions restricting speech should be judged "by a different standard under the state constitution than the First Amendment"); *Ex parte Tucci,* 859 S.W.2d 1, 32 (Tex. 1993) (Phillips, C.J., concurring) (articulating that "nothing in the language or purpose of the Texas Free Expression Clause authorizes us . . . to abandon the notion of accommodating competing interests . . . or even to afford greater weight in the balancing of interests to free expression than we would under the First Amendment . . . ."). Accordingly, we apply federal cases when analyzing Compton's claim, and find that Compton's pleadings fail to allege sufficient facts to show that her speech was protected under either article I, section 8 of the Texas Constitution or under the Freedom of Speech Clause in the First Amendment. U.S. CONST. amend. I; Tex. Const. art. I, § 8.

In order to plead a facially valid claim that her free speech rights were violated, Compton was required to allege facts that, if true, would show that: (1) Compton's "speech involved a matter of public concern"; (2) her interest in speaking on such matters outweighed the District's interest in promoting efficiency; and (3) her speech was the motivating factor in an adverse employment action taken against her. *Thompson v. City of Starkville, Miss.*, 901 F.2d 456, 460 (5th Cir. 1990) (quoting *Frazier v. King*, 873 F.2d 820, 825 (5th Cir. 1989)). As the trial court based its dismissal of Compton's claims against the District on an express finding that

Compton's speech was not a matter of "public concern," we address only that element of the claim.

As a general matter, speech made pursuant to a speaker's official duties is not constitutionally protected because "[r]estricting speech that owes its existence to a public employee's professional responsibilities does not infringe any liberties the employee might have enjoyed as a private citizen." *Turner v. Perry*, 278 S.W.3d 806, 816 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 421–22 (2006)). Further, even where the content or subject matter of speech may implicate some degree of public concern, the form and context of a given statement must also be evaluated in the context of the whole record. *See id.*; *Connick v. Myers,* 461 U.S. 138, 147–48, (1983). Speech that is made privately between the speaker and her employer or its employees, rather than "against the backdrop of public debate" is generally not deemed of "public concern." *See, e.g.*, *Bradshaw v. Pittsburg Indep. Sch. Dist.,* 207 F.3d 814, 817–18 (5th Cir. 2000) (holding that the fact that the plaintiff outlined concerns in internal grievances rather than in any public announcement weighed in favor of finding that her speech was not public in nature); *Teague v. City of Flower Mound, Tex.,* 179 F.3d 377, 383 (5th Cir. 1999) (holding that, although police misconduct is generally an issue of public concern, the fact that plaintiff's speech was made privately by way of internal

11

grievance rather than in a publicized dispute lent to the conclusion that the speech was "of private concern" and not protected); *Price v. Tex. Alcoholic Beverage Comm'n*, No. 01-12-01164-CV, 2014 WL 3408696, at *8 (Tex. App.—Houston [1st Dist.] July 10, 2014, pet. denied) (mem. op.) (finding that speech communicated only to a superior and in the context of an employment dispute was not of public concern); *cf. Markos v. City of Atlanta, Tex.,* 364 F.3d 567, 571 (5th Cir. 2004) (holding that speech made to a newspaper reporter with clear understanding it would be published was of public form, and noting "the importance of the form in ascertaining whether speech is of public concern.").

In this case, the record indicates that the speech upon which Compton's claim is based concerned a single complaint: that when she attempted to print student reports from one school, her assigned printer resulted in the documents actually printing to a copier in an open hallway at another school, and that the disclosure of the information in the reports could violate student privacy rights. Thus, the true content of her speech was a complaint that the way the District's printers were installed could result in Compton herself disclosing private student information if she printed her Medicaid reports to a particular location without having another employee there to retrieve them, and a request that the District's IT personnel install the printers differently. Such matters directly concerned Compton's official duties

12

in creating and submitting reports, and the way printers were installed by the organization that employed her. *See Turner*, 278 S.W.3d at 816. Moreover, her pleadings do not allege, nor does the record as a whole reveal, that she ever spoke of this matter to anyone other than Boutte, King, and the District's IT personnel. As a result, her pleadings do not allege sufficient facts to show that she had engaged in any constitutionally protected speech regarding matters of "public concern." *See id.*; *Teague,* 179 F.3d at 383. Moreover, Compton has not requested an opportunity to plead additional facts to demonstrate jurisdiction. Accordingly, based on the record that was before the trial court, we hold that the court did not err in finding that Compton failed to plead a facially valid constitutional claim against the District.

Compton also complains on appeal that the only proper mechanism for the District to seek dismissal of her claims for failure to plead a facially valid constitutional claim would have been a motion to dismiss pursuant to Rule 91a of the Texas Rules of Civil Procedure, which Compton asserts that the District did not timely file. *See* Tex. R. Civ. P. 91a. Although Compton is correct that the District could have sought dismissal with such a motion, "Rule 91a is not the exclusive means that a defendant may use to test the validity of a plaintiff's pleadings." *Jackson v. Port Arthur Indep. Sch. Dist.*, No. 09-15-00227-CV, 2017 WL 1425589, at *5 (Tex. App.—Beaumont Apr. 20, 2017, no pet.) (mem. op.). A plea to the

jurisdiction is also a proper way to challenge the facial validity of a constitutional claim against a political subdivision. *See, e.g.*, *Johnson,* 353 S.W.3d at 502. Accordingly, we find Compton's argument regarding Rule 91a to be without merit.

Finally, in her reply brief, Compton argues that the trial court had jurisdiction over her claims because the Uniform Declaratory Judgment Act ("DJA") permits recovery of attorney's fees even by a non-prevailing party. Although Compton's first amended petition—her live pleading at the time of dismissal—does not allege any legal basis for recovery of attorney's fees, her reply brief indicates that the claim is made pursuant to section 37.009 of the DJA. The Texas Supreme Court has held that the DJA waives governmental immunity from suit for a claim for attorney's fees under section 37.009 when the claim for attorney's fees is made in connection with a claim for declaratory relief that falls within the limited waiver of immunity contained in section 37.006(b) of the DJA. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.006(b), 37.009 (West 2015); *Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994). However, Compton's request for declaratory judgment does not fall within section 37.006(b)'s limited waiver of immunity because nothing in her claims challenges the validity of an ordinance, statute, or franchise. *See Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 622 (Tex. 2011). Therefore, the DJA does not waive the District's governmental immunity from suit for Compton's claim for

14

declaratory relief, nor for her request for attorney's fees. *See id.*; *Montrose Mgmt. Dist. v. 1620 Hawthorne, Ltd.*, 435 S.W.3d 393, 403–04 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

### 2. Failure to Plead a Justiciable Claim

In her second issue, Compton argues that her request for injunctive relief was not moot because if she were ever to return to work as a speech language pathologist for the District, she would work under King again, at which point King "would immediately return to harassing her." She also argues that "mootness depends upon evidence and proof which may only surface outside the pleadings by the court's exercise of jurisdictional authority," although she cites no legal authority in support of this assertion.

Issues of justiciability, including mootness and standing, are all threshold issues that implicate subject matter jurisdiction. *See Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012); *Labrado v. Cty. of El Paso,* 132 S.W.3d 581, 589 (Tex. App.—El Paso 2004, no pet.). Justiciability, which is a component of standing, requires the existence of a live "controversy between the parties that will be actually resolved by the judicial relief sought." *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994); *see also Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995) (holding that "[t]o constitute a justiciable controversy, there must exist a real

15

and substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute." (quoting *Bexar-Medina-Atascosa Ctys. Water Control & Improvement Dist. No. 1 v. Medina Lake Prot. Ass'n*, 640 S.W.2d 778, 779–80 (Tex. App.—San Antonio 1982, writ ref'd n.r.e.)) Because mootness or the lack of a justiciable controversy deprives a court of subject matter jurisdiction, which is "essential to a court's authority to dispose of cases," it may be raised by any party, or the court *sua sponte*, at any time. *City of El Paso v. Waterblasting Techs., Inc.*, 491 S.W.3d 890, 904 (Tex. App.—El Paso 2016, no pet.).

Compton argues that she is entitled to injunctive relief on the basis that she "wants to become a speech language pathologist again" but would potentially face harassment from King in the event that she ever returns to work as a speech therapist for the District in the future. Such a claim is insufficient to constitute a live controversy. Compton did not plead for reinstatement of her old position as a speech therapist in the trial court, nor has she alleged, either in the trial court or on appeal, that she has any legal or contractual right to return to that position. Without pleadings alleging an actual, continuing present injury, or even a reasonable expectation or likelihood that Compton will work as a speech therapist for the District again, any request for injunctive relief would be merely hypothetical, rendering judicial action an impermissible advisory opinion. *See Robinson v. Alief Indep. Sch. Dist.*, 298

16

S.W.3d 321, 326 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); *see also Pate v. Edwards*, No. 12-13-00231-CV, 2014 WL 172509, *2 (Tex. App.—Tyler Jan. 15, 2014, no pet.) (mem. op.) (plaintiff's assertion that she could return to work for the school district after her resignation presented a "hypothetical or contingent controversy" over which a court, even as part of a declaratory judgment action, has no authority to resolve); *Scurlock Permian Corp. v. Brazos Cty.*, 869 S.W.2d 478, 487 (Tex. App.—Houston [1st Dist.] 1993, writ denied) ("Courts may not give advisory opinions or decide cases upon speculative, hypothetical, or contingent situations.").

Compton's request for declaratory relief likewise presents a nonjusticiable claim because her pleadings affirmatively negate the existence of continuing harm, and thus a live controversy. "Past exposure to illegal conduct does not in itself amount to a present controversy for declaratory relief if unaccompanied by any continuing, present, adverse effects." *Robinson*, 298 S.W.3d at 327; *see also Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (holding that a claim for declaratory relief is moot if the party is no longer subjected to the alleged unconstitutional activity for which he seeks declaratory relief).

Further, we disagree with Compton's complaint that mootness cannot be established based on the record before the trial court. In pertinent part, Compton's

17

pleadings and argument establish that she requested and received a reassignment away from King prior to filing this action, and that after the transfer, it was "impossible for Defendants' [sic] to continue their harassment of her because she is no longer working with them." The trial court, acknowledging these undisputed facts, stated in its June 24 letter to counsel that "[r]egardless of whether this would be considered as depriving the case of a justiciable issue or rendering the issue moot, dismissal for lack of jurisdiction is warranted."[4] The record, both before the trial court and in Compton's own argument on appeal, affirmatively negates any need for additional evidence or proof, as it is undisputed that Compton was no longer being subjected to any alleged harassment before she filed suit.

Compton also argues for the first time in her reply brief that her claim for attorney's fees under the DJA remains a live controversy even if the mootness doctrine prevents her from prevailing on her request for substantive relief. Even if Compton had presented this argument in her opening brief, it would not have

---

[4] Neither the trial court's order granting the plea to the jurisdiction nor the order denying a new trial and affirming the dismissal of all parties address the issue of mootness; however, the trial court's letter ruling explicitly identified mootness or the absence of a justiciable issue as a basis supporting dismissal for lack of jurisdiction, and both parties have, in their respective briefs, treated the letter ruling as providing a basis of the court's dismissal of all claims. Accordingly, we treat the trial court's letter rulings as competent evidence of the trial court's basis for dismissing the claims.

18

supported reversal, as Compton's case is fundamentally distinguishable from each of the cases upon which she relies in support of her argument. Specifically, Compton's claim that her request for attorney's fees remains a "live controversy" despite the mootness of her substantive claims ignores the subtle distinction between a case that lacked justiciability from the moment of pleading and a case wherein some event "extinguished what was initially a live controversy, a justiciable case between proper parties." *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 865 (Tex. 2010). In each of the cases cited by Compton in support of her argument, there existed a justiciable claim at the time of filing that was subsequently rendered moot by the occurrence of one or more intervening events during the pendency of litigation. *See Allstate Ins. Co. v. Hallman,* 159 S.W.3d 640, 642–43 (Tex. 2005) (cross-claims brought between an insurance company and its insured under the Declaratory Judgment Act for determination of rights under insurance policy were live controversies at the time of filing, rendered moot after the underlying litigation by the insurance company's ultimate provision of the requested defense); *Camarena v. Tex. Emp't Comm'n,* 754 S.W.2d 149, 151–52 (Tex. 1988) (farm workers' challenge to the constitutionality of the Texas Unemployment Compensation Act's agricultural exemption was rendered moot by Legislature's amendment of the Act after injunctive and declaratory relief had been granted by the trial court); *Ward v.*

*Lamar Univ.*, 484 S.W.3d 440, 450 (Tex. App.— Houston [14th Dist.] 2016, no pet.) (employee resigned her position after the trial court dismissed her claims but before any party filed a brief on appeal); *Pate*, 2014 WL 172509, at *2 (employee voluntarily resigned to pursue other employment opportunities three months after the trial court entered a temporary restraining order in employee's favor); *see also Hansen v. JP Morgan Chase Bank, N.A.,* 346 S.W.3d 769, 774–75 (Tex. App.— Dallas 2011, no pet.) ("[A] case under the Declaratory Judgments Act remains a live controversy, even if all requests for substantive declaratory relief become moot *during the action's pendency*, as long as a claim for attorneys' fees under the Act remains pending.") (emphasis added). Compton has cited no authority, and we have likewise found no authority, for the proposition that a claimant can seek attorney's fees on a claim for which there was no justiciable issue, and therefore no standing, at the time the suit was filed.[5] We therefore reject Compton's argument that her own

---

[5] We recognize that in *Devon Energy Prod. Co. v. KCS Res., LLC*, our sister court has rejected the argument that mootness *ab initio*, as distinguished from intervening mootness, deprives a trial court of jurisdiction to award attorney's fees under the DJA. 450 S.W.3d 203, 220–23 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). We find *Devon Energy* to be distinguishable because that case affirmed the trial court's jurisdiction to award attorney's fees to the party *defending against* a declaratory judgment action over which the trial court had determined that it lacks subject matter jurisdiction over the plaintiff's claim. *Id.* at 220. We decline to extend that court's reasoning to allow a claimant to continue to pursue her own attorney's fees when she lacked standing at the outset to seek the underlying substantive relief.

20

request for attorney's fees under the DJA can "revive" a claim that was not a live controversy at its legal inception.

## B. Dismissal of Compton's Claims Against the Individual Defendants

In her third issue, Compton challenges the trial court's dismissal of her claims against Brown and King, individually. Specifically, Compton argues that Brown and King were not entitled to immunity or dismissal under the TTCA because they were each acting *ultra vires*, outside the scope of their legitimate duties, and because she sought only declaratory and injunctive relief on constitutional grounds, rather than damages for tort. However, we need not address the merits of Compton's claims, nor the applicability of the election of remedies doctrine in light of the trial court's factual finding that King and Brown were acting "within the scope of and/or incident to their duties," because we find that Compton's *ultra vires* claims against the individual defendants suffer from the same dispositive absence of a justiciable issue as her claims against the District, depriving the trial court of subject matter jurisdiction.

Although the trial court did state in its letter to counsel that dismissal of Compton's claims for lack of jurisdiction was warranted for mootness or lack of a justiciable issue, none of the orders that were entered by the court dismissing the claims against the individual defendants specifically articulated the absence of a

21

justiciable issue as the actual basis for dismissal, referencing instead only section 22.0511 of the Texas Education Code and section 101.106 of the Texas Civil Practices and Remedies Code. Nevertheless, as the existence of justiciable claim is a threshold component of subject matter jurisdiction, we consider Compton's standing *sua sponte* as a ground upon which to affirm the trial court's finding that it lacked jurisdiction over Compton's claims. *See Tex. Workers' Comp. Comm'n v. Garcia,* 893 S.W.2d 504, 517 n.15 (Tex. 1995); *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. As we have already set forth in response to Compton's second issue above, even construed liberally and in her favor, Compton's pleadings not only fail to allege, but rather affirmatively negate, the existence of any justiciable controversy against the District or the individual defendants. Accordingly, the trial court's dismissal of Compton's claims against Brown and King for lack of jurisdiction was proper. *See Robinson*, 298 S.W.3d at 327; *Pate*, 2014 WL 172509, at *2; *Williams*, 52 S.W.3d at 184.

## C. Award of Attorney's Fees to Individual Defendants

In her final point of error, Compton asserts that the trial court's award of attorney's fees to Brown and King should be reversed because the description of the rendered legal services provided in their claim for fees did not specify which services billed were for whom among Brown, King, and Boutte, individually.

We review *de novo* both the availability of attorney's fees under a particular statute and the need to segregate attorney's fees, as such issues are questions of law. *Jakab v. Gran Villa Townhouses Homeowners Ass'n, Inc.,* 149 S.W.3d 863, 867 (Tex. App.—Dallas 2004, no pet.) (discussing whether attorney's fees are available under a particular statute is reviewed *de novo*); *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 312–13 (Tex. 2006) (the need to segregate fees is a question of law). However, the extent to which attorney's fees "can or cannot be segregated is a mixed question of law and fact." *CA Partners v. Spears*, 274 S.W.3d 51, 81 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). On review of such mixed questions, we "defer to the trial court's factual determinations if supported by the evidence but review its legal determinations de novo." *Titan Transp., LP v. Combs*, 433 S.W.3d 625, 636 (Tex. App.—Austin 2014, pet. denied).

The application for attorney's fees at issue was filed jointly by Brown, King, and Boutte. The record does not contain a written response by Compton to the request; however, the record does indicate that a hearing was held on the matter, at which time Compton argued that attorney's fees were not available to the defendants because Compton had not pled a tort cause of action against them, and that attorney's fees for Boutte were inappropriate because she was only named in the style, and

23

never listed as a defendant or served with process. After the hearing, the trial court awarded attorney's fees to Brown and King, jointly and severally.

The individual defendants' application for attorney's fees did not segregate fees by party, nor did the trial court's order award fees by party; rather, the court found that "[t]he matters identified would have been necessary for any and all defendants with the same amount of time having been expended." On appeal, Compton acknowledges the trial court's finding in this regard, yet offers no authority to support her contention that fees must nonetheless have been segregated among the individual defendants. A review of the record on appeal supports the trial court's finding regarding the nature of the claimed fees, as all fees awarded were for work done on behalf of all of the individual defendants collectively, asserting the same defenses and arguments to a singular set of facts, almost none of which involved Boutte individually and distinct from King and Brown. Accordingly, we find that there is evidence to support the court's factual determination that attorney's fees could not be segregated.

Compton next argues that the trial court should not have awarded fees under the Texas Education Code because her case was not actually dismissed based on the professional immunity provision contained in section 25.0511. Compton cites no

24

authority in support of such a prerequisite, nor can one be found in either section 22.0517 or 22.0511 of the Texas Education Code. Section 22.0517 provides:

> In an action against a professional employee of a school district involving an act that is incidental to or within the scope of duties of the employee's position of employment and brought against the employee in the employee's individual capacity, the employee is entitled to recover attorney's fees and court costs from the plaintiff if the employee is found immune from liability under this subchapter.

Tex. Educ. Code Ann. § 22.0517 (West 2012). In turn, Section 22.0511, which establishes "immunity" for the purposes of Chapter 22, provides:

> A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students.

*Id.* § 22.0511(a). Nothing in section 22.0517 makes dismissal based on 22.0511 a prerequisite to recovery of attorney's fees; rather, read together, these provisions require only a finding or determination that a defendant is immune from liability as a professional employee in order to be entitled to receive fees. *See Ward v. Theret*, 346 S.W.3d 672, 675–76 (Tex. Civ. App.—El Paso 2009, no pet.). Although Compton argues that King is not entitled to immunity because her actions were motivated by spite and were "not in furtherance of the interests of [the District]," Compton neither pled nor argued that investigation of discrepancies in an

25

employee's documentation or setting an employee's meeting schedule were outside the scope of King's authority or her official duties as the speech pathology supervisor. Moreover, the trial court explicitly found that the actions allegedly taken by the individual defendants "were, in fact, within the scope of and/or incident to their duties" regardless of the individuals' personal motivations. This finding is consistent with section 22.0511 of the Texas Education Code, which, unlike some other types of immunity, contains no "good faith" element or requirement. *See* Tex. Educ. Code Ann. § 22.0511; *Robinson v. Brannon*, 313 S.W.3d 860, 866 n.3 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *c.f.*, *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994) (acknowledging "good faith" element as a requirement for affirmative defense of official immunity for public servants). Accordingly, we conclude that the trial court did not err in awarding King and Brown attorney's fees under section 22.0517. Tex. Educ. Code Ann. §§ 22.0511, 22.0517.

In her reply brief, Compton also asserts that "[i]f the trial court lacked jurisdiction over Compton's claims for attorney's fees under the Declaratory Judgment Act, then it lacked jurisdiction to award attorney's fees under that Act to Appellees as well." Compton again cites no legal authority in support of her claim. We find that the argument is not only legally inaccurate,[6] it also ignores that the basis

---

[6] *See, e.g.*, *Devon Energy Prod. Co.*, 450 S.W.3d at 222–24.

for the trial court's award of attorney's fees was not the DJA, but section 25.0517 of the Texas Education Code, as discussed above.

Finally, Compton also complains for the first time in her reply brief that the individual defendants failed to segregate their claimed attorney's fees between fees associated with the assertion of professional immunity and those associated with defending the suit on any other grounds. Compton did not raise this argument in the trial court when the individual defendants' request for attorney's fees was heard, nor in her opening brief. Accordingly, we find that this argument has been waived, and is not properly before the court. *See Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 389 (Tex. 1997) (holding that if a party fails to object in the trial court that the attorney's fees are not segregated as to specific claims, then the objection is waived); *see also* Tex. R. App. P. 38.3; *Private Mini Storage Realty, L.P. v. Larry F. Smith, Inc.*, 304 S.W.3d 854, 859 (Tex. App.—Dallas 2010, no pet.) (holding that a party may not raise a new issue in a reply brief); *Green Light Co. v. Moore,* 485 S.W.2d 360, 364 (Tex. Civ. App.—Houston [14th Dist.] 1972, no writ) ("The new grounds for reversal set forth in appellants' second brief may not be considered.").

Having overruled each of Compton's issues, we affirm the trial court's orders dismissing Compton's claims against all defendants and awarding attorney's fees to Brown and King.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on July 5, 2016
Opinion Delivered July 20, 2017

Before McKeithen, C.J., Kreger and Horton, JJ.