**Reversed and Remanded and Memorandum Opinion filed February 2, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00155-CV

## METROPOLITAN LIFE INSURANCE COMPANY AND BRIGHTHOUSE LIFE INSURANCE COMPANY, Appellants

## V.

## RSL FUNDING, LLC, RSL SPECIAL-IV, LTD., AND MARLA MATZ FELDMAN, Appellees

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 994875**

## MEMORANDUM OPINION

This case involves a dispute between the issuers of several annuities and assignees of those annuities following an arbitration between the annuitants and assignees about their competing claims to the proceeds of the annuities.

We hold that the arbitration award in favor of the assignees did not render moot the annuity issuers' claims for interpleader and a declaratory judgment.

Thus, the trial court erred by granting the assignees' plea to the jurisdiction and dismissing the annuity issuers' claims as moot, and the court's resolution of the parties' requests for attorney's fees must be reconsidered. The trial court's judgment is reversed, and the case is remanded for further proceedings.

## I. Background

The material facts in this case are undisputed, and they are discussed in greater detail in this court's and the supreme court's prior opinions. *See RSL Funding, LLC v. Pippins*, 424 S.W.3d 674 (Tex. App.—Houston [14th Dist.] 2014), *aff'd*, 499 S.W.3d 423 (Tex. 2016). In short, appellants (MetLife) issued annuities to several annuitants, who then assigned their annuities to appellees (RSL) in exchange for lump-sum payments.[1] Relying on purported anti-assignment language in each of the annuity contracts, MetLife refused to honor the assignments.

RSL sued MetLife for breach of contract and a declaratory judgment. When disputes arose between the annuitants and RSL because the annuitants wanted to terminate the assignment agreements with RSL, MetLife filed counterclaims and crossclaims for interpleader and a declaratory judgment and sought attorney's fees. MetLife's interpleader claim asked to deposit payments under the annuities into the registry of the court and to be discharged of liability regarding payments made into the registry. The trial court ordered MetLife to deposit annuity payments into the registry of the court. MetLife's declaratory judgment claim asked the court to determine, among other things, whether the terms of the annuities permit the

---

[1] For ease of understanding, we refer to the parties generally, i.e., MetLife and RSL, throughout this opinion although sometimes only some or one of the individual parties is intended.

2

annuities or payments thereunder to be assigned, sold, or otherwise transferred by the annuitants to RSL.

After the prior appeal in this case concerning arbitrability of the claims between RSL and the annuitants, RSL and the annuitants arbitrated their claims. MetLife was not a party to the arbitration.

The arbitrator found that the annuitants breached their contracts with RSL, and the arbitrator awarded RSL all of the income streams for the annuities and the funds in the court's registry, plus attorney's fees. The arbitrator awarded and transferred to RSL all rights that the annuitants possessed and could exercise against MetLife arising out of or relating to the annuities. The arbitrator declared that the award resolved all issues, disputes, claims, and defenses raised or that could have been raised by any party to the arbitration in relation to the annuity contracts and transfer agreements. The arbitration award was confirmed in state and federal courts.

Based on the arbitration and judgments confirming the award, RSL filed a "suggestion of mootness and plea to the jurisdiction" in this case and a motion to disburse the funds in the court's registry. RSL argued that the arbitration "resolves and moots the same issues framed by" MetLife's interpleader and declaratory judgment claims "as to ownership of the annuities and the funds." Regarding attorney's fees, RSL argued that the judgments confirming the arbitration award "renders moot the substantive declarations sought by the MetLife Parties, leaving only the issue of attorney's fees sought by RSL."

The trial court signed two orders (1) disbursing the funds in the court's registry to RSL and ordering MetLife to make future payments to RSL; and (2) dismissing "with prejudice as moot" MetLife's claims for interpleader and

3

declaratory relief and dismissing with prejudice MetLife's requests for attorney's fees "as part of their claims for interpleader and declaratory relief."

The trial court held a jury trial on the amount of RSL's attorney's fees for defending against MetLife's declaratory judgment claim, and the jury awarded RSL $435,077.75 in attorney's fees plus conditional appellate attorney's fees.[2] The trial court signed a final judgment consistent with the jury's verdict. In the judgment, the court reiterated its prior ruling dismissing MetLife's interpleader and declaratory judgment claims "with prejudice as moot." The court reaffirmed (1) "its prior ruling that principles of equity preclude any award of attorney's fees to the MetLife Parties arising out of their claim for interpleader relief" and (2) its prior ruling that awarding the MetLife parties any attorney's fees pursuant Section 37.009 of the Texas Civil Practice and Remedies Code would produce an inequitable or unjust result."

MetLife appeals.

## II.    Issues

MetLife briefs three issues with several sub-issues. MetLife's first two issues are dispositive, in which MetLife contends that the trial court erred by (1) dismissing as moot their interpleader and declaratory judgment counterclaims with prejudice, including the related requests for attorney's fees, and (2) awarding attorney's fees to RSL for defending against the declaratory judgment claim. RSL contends that MetLife has waived several issues by inadequate briefing, failing to include a complete reporter's record, failing to attack all grounds for the trial court's ruling, and failing to request findings of fact.

---

[2] By the time of trial, RSL had nonsuited its claims against MetLife.

4

### III. Waiver Analysis

#### A. Briefing

MetLife has adequately briefed this court on its dispositive issues by making a clear and concise argument for the contentions made with appropriate citations to the record and authorities—including authorities that we rely upon when resolving the appeal in MetLife's favor. *See* Tex. R. App. P. 38.1. RSL's complaints about MetLife's briefing for issues that are not dispositive of the appeal are inapposite.

#### B. Record

A reporter's record of a pretrial hearing is required only if evidence is introduced in open court. *See Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 782 (Tex. 2005). "If the proceeding's nature, the trial court's order, the party's briefs, or other indications show that an evidentiary hearing took place in open court, then a complaining party must present a record of that hearing to establish harmful error." *Id.* at 783. "But otherwise, appellate courts should presume that pretrial hearings are nonevidentiary, and that the trial court considered only the evidence filed with the clerk." *Id.* A bare assertion that the trial court "considered evidence at the hearing" is insufficient to show that a hearing was evidentiary because trial courts consider evidence when a hearing is conducted entirely on paper or based solely on affidavits and exhibits filed beforehand. *Id.* "Instead, there must be a specific indication that exhibits or testimony was presented in open court *beyond* that filed with the clerk." *Id.*

Regarding the hearing on RSL's plea to the jurisdiction and motion to disburse, RSL contends only that the trial court "considered evidence at that hearing." The order dismissing MetLife's claims as moot states that the trial court considered the plea "along with all evidence attached thereto." Thus, we presume

that this hearing was nonevidentiary, and MetLife was not required to file a transcript of the hearing to assert error based on the trial court's granting of RSL's plea to the jurisdiction. *See id.* RSL's complaints about MetLife's failure to file a transcript of another pretrial evidentiary hearing on MetLife's motion for sanctions, or to ensure that proceedings such as voir dire and the informal charge conference were included in the reporter's record, are inapposite because MetLife does not assert error related to those subjects. *See Estate of Nunu*, 542 S.W.3d 67, 74 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (no waiver of appeal concerning appellant's complaints about attorney's fees and distribution of estate's assets when the appellant failed to request a complete transcript of the trial and all pretrial hearings because the reporter's record was not necessary to the appeal).

## C.   Grounds

RSL contends that MetLife fails to challenge all grounds for dismissal presented in the plea to the jurisdiction and to challenge the recitals in the trial court's judgment reaffirming its prior rulings that equitable principles precluded an award of attorney's fees for the interpleader claim or that fees were not equitable and just for the declaratory judgment claim.

Applying familiar principles of appellate review, the First Court of Appeals has held that when a trial court sustains a plea to the jurisdiction based on multiple grounds but does not specify the ground or grounds relied upon, an appellant must challenge all of the grounds on appeal or else the appellate court will affirm. *See Britton v. Tex. Dept. of Crim. Justice*, 95 S.W.3d 676, 680–82 (Tex. App.— Houston [1st Dist.] 2002, no pet.). But when the trial court gives its reason for sustaining a plea to the jurisdiction, the appellant need only challenge the specified ground on appeal. *See id.* at 682 n.7; *cf. State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381–82 (Tex. 1993) (regarding summary judgment, court of appeals

6

limited to considering grounds specified by trial court); *Miller v. Debo Homes, LLC*, No. 14-15-00004-CV, 2016 WL 5399507, at \*3 (Tex. App.—Houston [14th Dist.] Sept. 27, 2016, pet. denied) (mem. op.) (court of appeals must affirm when appellant challenges some but not all bases for judgment based on jury's verdict).

Here, the trial court's order and final judgment state that the claims were dismissed "as moot." Thus, the trial court dismissed the claims on this ground alone and not other potential grounds that may be gleaned from RSL's plea to the jurisdiction.[3] Similarly, in the dismissal order, the trial court dismissed MetLife's requests for attorney's fees "as part of their claims for interpleader and declaratory relief." MetLife adequately challenges the trial court's denial of attorney's fees by challenging the dismissal of the claims and citing authorities requiring reversal of equitable fee awards when a declaratory judgment is reversed. *See Morath v. Tex. Taxpayer & Student Fairness Coalition*, 490 S.W.3d 826, 885 (Tex. 2016) (noting that when the extent to which a party prevailed on appeal has changed, the issue of attorney's fees is remanded to the trial court for reconsideration of what is equitable and just); *Funes v. Villatoro*, 352 S.W.3d 200, 217 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (when disposition of appeal substantially affects the trial court's judgment, remand is warranted so the trial court can address what attorney's fees, if any, should be awarded under the Uniform Declaratory Judgment Act).

---

[3] RSL identifies issues such as res judicata and the application of the Full Faith and Credit Clause of the United States Constitution. These other potential grounds appear to merely support RSL's arguments about mootness, considering that issues of res judicata or the preclusive effect of an arbitration award cannot be the subject of pleas to the jurisdiction. *See City of Houston v. Johnson*, 353 S.W.3d 499, 506 n.2 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (noting that res judicata is an affirmative defense, not a jurisdictional argument); *Tex. Hwy. Dep't v. Jarrell*, 418 S.W.2d 486, 488 (Tex. 1967) ("We observe that a plea of res judicata is not a plea in abatement or a plea to the jurisdiction, but is a plea in bar.").

## D. Findings

Finally, RSL contends that the trial court's judgment denying fees to MetLife should be affirmed because MetLife failed to request findings of fact to determine what equitable factors the trial court considered, citing *Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 742 (Tex. 2018), and *Marion v. Davis*, 106 S.W.3d 860, 868 (Tex. App.—Dallas 2003, pet. denied). Neither case requires affirmance in the absence of findings under the present circumstances. In *Hill*, the supreme court noted that a party requested findings and conclusions regarding the trial court's reasons for disregarding the jury's verdict on an equitable claim, but the trial court did not enter findings or conclusions. *See Hill*, 544 S.W.3d at 742. Even in the absence of findings, the supreme court was able to determine that the trial court abused its discretion by awarding no attorney's fees, and the court remanded for a new trial on fees. *See id.* at 742, 744. In *Marion*, the court of appeals affirmed the trial court's judgment in its entirety, so the extent to which the party seeking fees prevailed below remained unchanged. *See Marion*, 106 S.W.3d at 868–69. Thus, the court of appeals had no basis for determining that the trial court should reconsider the issue of equitable and just attorney's fees in the absence of findings. *See id.*

## E. No Waiver

We overrule each of the waiver arguments that RSL contends prevent MetLife's challenge to the trial court's judgment.

## IV. Analysis of MetLife's Issues

Under the Uniform Declaratory Judgments Act (the Act), *see* Tex. Civ. Prac. & Rem. Code ch. 37, a person whose rights, status, or other legal relations are affected by a contract may have determined any question of construction arising

8

under the contract and obtain a declaration of rights, status, or other legal relations thereunder. *See id.* § 37.004. In any proceeding under the Act, the court may award reasonable and necessary attorney's fees as are equitable and just. *Id.* § 37.009. A trial court may award fees to the prevailing or non-prevailing party or decline to award fees to either party, regardless of which party sought the declaratory relief. *HMT Tank Serv. LLC v. Am. Tank & Vessel, Inc.*, 565 S.W.3d 799, 813 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

Here, MetLife based its declaratory judgment claim on purported anti-assignment clauses in the annuity contracts it had with the annuitants. *See generally* Tex. Ins. Code § 1108.102 (providing that an assignment of benefits under an annuity contract is "void" if the contract prohibits a beneficiary from assigning the benefits); *In re Hughes*, 513 S.W.3d 28, 32–35 (Tex. App.—San Antonio 2016, pet. denied) (holding that the annuity contract prohibited the annuitant from transferring or selling her payment rights). The arbitration among the annuitants and RSL could not have resolved MetLife's declaratory judgment claim because MetLife was not a party to the arbitration or the actions confirming the award. *See, e.g.*, *Taylor v. Sturgell*, 553 U.S. 880, 884 (2008) (generally, non-party not bound by a judgment); *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996) (same); *see also Rapid Settlements, Ltd. v. Green*, 294 S.W.3d 701, 707 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (affirming trial court's vacating arbitration award that purported to bind an annuity issuer by ordering it to redirect payments to the assignee of the annuitant; noting that the annuity issuer, as a non-signatory to the transfer agreement, was not bound to arbitrate, and the arbitrator exceeded his authority in issuing the award); *Transam. Occidental Life Ins. Co. v. Rapid Settlements, Ltd.*, 284 S.W.3d 385, 392–93 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (holding that an arbitration award, resulting from

9

arbitration between an annuitant and his assignee, and the judgment confirming the award were not enforceable against the annuity issuer who was not a party to the transfer agreement's arbitration clause or otherwise bound as a non-signatory).[4] Thus, MetLife's declaratory judgment claim was not mooted by the arbitration or subsequent judgments that purported to resolve the issue of whether the annuitants could assign their annuities to RSL in violation of the terms of the annuity contracts.

Moreover, if a party seeks attorney's fees under the Act, a trial court should not dismiss the declaratory judgment claim as moot even if the declaration itself would provide no future relief other than to determine which party prevailed. *See Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005); *see also Ward v. Lamar Univ.*, 484 S.W.3d 440, 451–52 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("[A] case under the Declaratory Judgments Act remains a live controversy, even if all requests for substantive declaratory relief become moot during the action's pendency, as long as a claim for attorneys' fees under the Act remains pending." (alteration in original) (quoting *Hansen v. JP Morgan Chase Bank, N.A.*, 346 S.W.3d 769, 774 (Tex. App.—Dallas 2011, no pet.))). The extent to which the parties prevailed in the action is a factor to consider when deciding whether to award fees. *See Morath*, 490 S.W.3d at 885 (remanding attorney's fees issue for reconsideration of what is equitable and just when the extent to which a party prevailed on appeal has changed); *Bailey v. Smith*, 581 S.W.3d 374, 399 (Tex. App.—Austin 2019, pet. denied) (noting that a trial court acts within its discretion to deny or award fees "based on the outcome of the case" (quotation omitted)).

---

[4] RSL has not urged any exceptions to the general rule that a person is not bound by a judgment in a suit to which the person was not a party.

10

The same rationale applies to an interpleader action. In an interpleader action, a party faced with competing claims may obtain a discharge of liability to the competing claimants by interpleading the funds. *FinServ. Cas. Corp. v. Transam. Life Ins. Co.*, 523 S.W.3d 129, 141 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). "An interpleader is a suit to determine a right to property held by a disinterested third party who is in reasonable doubt about ownership and who, therefore, deposits the property with the trial court to permit interested parties to litigate ownership, letting the court decide who is entitled to the funds and thereby avoiding the peril of deciding ownership itself." *RSL-3B-IL, Ltd. v. Prudential Ins. Co. of Am.*, 470 S.W.3d 131, 139 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). "A disinterested stakeholder who has reasonable doubts as to the party entitled to the funds in its possession and who in good faith interpleads the funds may recover its reasonable attorney's fees." *FinServ.*, 523 S.W.3d at 141 (citing *U.S. v. Ray Thomas Gravel Co.*, 380 S.W.2d 576, 580 (Tex. 1964)).

Here, the arbitration may have resolved among the annuitants and RSL their rights to bring claims against MetLife and to claim the interpleaded funds. That is, MetLife may no longer be subject to rival claims for the annuity payments if only RSL's claims remain after the arbitration. But, resolution of the claimants' dispute does not moot the interpleader action because MetLife requested attorney's fees. *Cf. Hallman*, 159 S.W.3d at 642 (declaratory judgment not mooted because of live controversy about attorney's fees).

Accordingly, the trial court erred by granting RSL's plea to the jurisdiction and dismissing with prejudice as moot MetLife's declaratory judgment and interpleader claims and the request for attorney's fees "as part of their claims for interpleader and declaratory relief." Because the extent to which MetLife and RSL have prevailed has changed, we will also reverse the trial court's award of

attorney's fees to RSL and remand the attorney's fees issue for reconsideration. *See, e.g., Morath*, 490 S.W.3d at 885; *Curtis v. Baker*, No. 14-17-00859-CV, 2018 WL 6684263, at *7 (Tex. App.—Houston [14th Dist.] Dec. 20, 2018, no pet.) (mem. op.).

## V.    Conclusion

MetLife's first and second issues are sustained in part. The trial court's judgment is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

/s/    Ken Wise
Justice

Panel consists of Justices Wise, Zimmerer, and Hassan.