**Reversed and Remanded and Memorandum Opinion filed July 12, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00574-CV

---

## SOUTHBAY GUNITE INC., Appellant

### V.

## SOUTH POOLS INC. AND MUHAMMAD "MIKE" TELLO, Appellees

---

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1145370**

---

## MEMORANDUM OPINION

Appellant Southbay Gunite Inc. challenges the trial court's grant of a motion to dismiss for lack of subject matter jurisdiction favoring appellees South Pools Inc. and Muhammad Tello. Concluding the trial court erred, we reverse and remand for further proceedings.

### *Discussion*

Southbay sued appellees for collection of a construction debt, alleging

claims for breach of contract, quantum meruit, and violations of the Prompt Payment Statute and Property Code trust fund rules. In their brief, appellees allege that in a prior lawsuit in a different court, an assignee of Southbay, Ray Crain, sued appellees for the same debt and raised similar claims but also included a claim under the Texas Theft Liability Act (TTLA).[1] Reportedly, when the case was called for trial, Crain announced ready, but he then nonsuited his claims once he realized Tello was not going to appear for trial. The alleged agreement on which the debt was based was reputedly reached between Tello, as a representative of South Pools, and a representative of Southbay, who had since died; Crain apparently had hoped to prove the contract at least in part through Tello's testimony but failed to subpoena him to testify. After Crain nonsuited his claims, the trial court in the prior action considered appellees' assertion that it was a prevailing party in the lawsuit entitled to reasonable and necessary attorney's fees under TTLA section 134.005(b). Tex. Civ. Prac. & Rem. Code § 134.005(b). The court held that Crain nonsuited his claims to avoid an unfavorable ruling and awarded appellees their attorney's fees. *See, e.g.*, *Kelly v. Isaac*, No. 05-19-00813-CV, 2020 WL 4746589, at *6 (Tex. App.—Dallas Aug. 17, 2020, pet. denied) (mem. op.). In its final judgment, the trial court in the prior action noted that Crain's claims previously had been dismissed without prejudice, awarded attorney's fees to appellees as prevailing parties under the TTLA, and stated that the judgment disposed of the defendants' counterclaim.

Appellees' motion to dismiss for lack of subject matter jurisdiction in the present case and the trial court's final judgment granting that motion are somewhat ambiguous regarding the grounds on which the motion and judgment are based. In

---

[1] These allegations regarding the prior proceeding are corroborated to an extent by the final judgment in the prior case, which was attached to appellees' answer and motion to dismiss in the present case.

2

the motion, appellees first asserted the trial court "lacks subject matter jurisdiction over [Southbay's] claims because [Southbay] does not have standing to bring the claims it has asserted." Appellees then explained, "[Southbay] was not injured by [appellees'] alleged conduct, in that this matter was previously litigated in [the prior court.] Thus, [Southbay] lacks standing to prosecute its asserted claims." In its Order of Dismissal, the trial court noted that the motion to dismiss asserted a lack of standing and then granted the motion "for the reason that the Court does not have jurisdiction of the subject matter and is unable under the law to hear this cause."

Neither the motion nor the order mentions the allegation that Southbay had assigned its claims to Crain as a ground for determining Southbay had no standing to sue.[2] *See generally Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 148–50 (Tex. 2015) (treating plaintiff's alleged assignment of contract rights as a jurisdictional standing issue). Instead, the motion and apparently the order were premised on the assertion the claims had already been litigated in the prior action. As appellees appear to recognize in their brief, such argument is based on the doctrine of res judicata.

---

[2] The parties certainly did not engage on this issue in the trial court and at least Southbay does not on appeal. Although it is again ambiguous, appellees suggest in their brief that Southbay did not have standing because it assigned its rights to collect the alleged debt to Crain. Appellees also attached a copy of the purported assignment from Southbay to Crain to its brief. We, of course, cannot consider evidence attached to a brief. *See, e.g.*, *WorldPeace v. Comm'n for Law. Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Moreover, without evidence of the terms of the assignment, we cannot know whether the assignment would preclude Southbay from having standing in the present lawsuit. *See generally Vertical N. Am., Inc. v. Vopak Terminal Deer Park, Inc.*, No. 14-15-01088-CV, 2017 WL 4197027, at *3 (Tex. App.—Houston [14th Dist.] Sept. 21, 2017, pet. denied) (mem. op.) (holding entity that retained some interest in a claim, which purportedly had been sold to a third party, had standing to sue). We also note that in a motion for protection from discovery, appellees suggested Crain may have reassigned the rights to collect the debt back to Southbay. Regardless, the assignment was not a ground on which the motion to dismiss was granted, and the record is not sufficient for the issue to be considered on appeal even if we were inclined to do so.

Res judicata, or claim preclusion, precludes the relitigating of claims that have been finally adjudicated and claims that could have been litigated in a prior action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). It is an affirmative defense requiring proof of (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised, or could have been raised, in the first action. *Id*. Because it is an affirmative defense and a plea in bar and thus a decision on the merits, res judicata is not properly raised in a plea to the jurisdiction or, as here, its functional equivalent, a motion to dismiss for lack of subject matter jurisdiction. *See Tex. Hwy. Dep't v. Jarrell*, 418 S.W.2d 486, 488 (Tex. 1967); *Town Park Ctr., LLC v. City of Sealy*, 639 S.W.3d 170, 182 (Tex. App.—Houston [1st Dist.] 2021, no pet.); *Metro. Life Ins. Co. v. RSL Funding, LLC*, No. 14-19-00155-CV, 2021 WL 330447, at *3 n.3 (Tex. App.—Houston [14th Dist.] Feb. 2, 2021, no pet.) (mem. op.); *City of Houston v. Johnson*, 353 S.W.3d 499, 506 n.2 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). Such pleadings are in substance dilatory pleas that seek dismissal of a case for lack of subject-matter jurisdiction. *See Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). When a court rules that claims are precluded by res judicata, it should enter a take-nothing judgment on those claims rather than, as the court did here, dismiss the claims without prejudice. *See, e.g.*, *Daniels v. Empty Eye, Inc.*, 368 S.W.3d 743, 754 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).

Caselaw, however, supports the notion that under proper circumstances, a plea to the jurisdiction or motion to dismiss based on res judicata can be treated as a motion for summary judgment. *See Town Park Ctr.*, 639 S.W.3d at 182 (discussing cases and explaining that a plea to the jurisdiction raising res judicata can be treated as a motion for summary judgment either when the parties agree to

4

do so or all the hallmarks of a summary judgment proceeding are followed). Here, the record reveals neither agreement on this topic nor an objection by Southbay regarding the raising of res judicata in a motion to dismiss for lack of jurisdiction.

However, even considering the trial court's judgment as granting a motion for summary judgment, it was in error. Appellees' argument rests on the premise that the prior court's award of attorney's fees to appellees as prevailing parties in the prior case was a determination on the merits of Crain's claims in that action. It was not. As stated above, a final judgment on the merits is an essential element of a res judicata affirmative defense. *See Amstadt*, 919 S.W.2d at 652. As also explained above, Crain nonsuited his claims in the prior action and those claims were dismissed without prejudice. A nonsuit without prejudice renders the merits of the nonsuited case moot. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *see also Villafani v. Trejo*, 251 S.W.3d 466, 468–69 (Tex. 2008) (explaining that under Tex. R. Civ. P. 162, parties have an absolute right to nonsuit their own claims for relief at any time during the litigation before they have introduced all evidence other than rebuttal evidence at trial). Although Rule 162 permits affirmative requests for costs, attorney's fees, and sanctions to remain viable in the trial court after a nonsuit, the rule "does not forestall the nonsuit's effect of rendering the merits of the case moot." *Univ. of Tex. Med. Branch at Galveston v. Est. of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 101 (Tex. 2006).

A court can dismiss a case with prejudice after a nonsuit under appropriate circumstances and thus create a final judgment on the merits valid for res judicata purposes. *See, e.g.*, *Travelers Ins.*, 315 S.W.3d at 864-65 (providing, as one example, dismissals after settlements); *Johnson ex rel. Johnson v. Chesnutt*, 225 S.W.3d 737, 742 (Tex. App.—Dallas 2007, pet denied) (discussing death penalty sanctions after a nonsuit). However, the trial court did not do so in the prior action;

the court merely determined that appellees were prevailing parties under the TTLA because Crain had nonsuited his claims to avoid an unfavorable ruling. *See* Tex. Civ. Prac. & Rem. Code § 134.005(b). This entitled appellees to attorney's fees but was not a ruling on the merits of Crain's claims, which had by then already been nonsuited. *See Shultz*, 195 S.W.3d at 101; *see also Epps v. Fowler*, 351 S.W.3d 862, 870–71 (Tex. 2011).[3]

The trial court erred in granting appellees' motion to dismiss for lack of subject matter jurisdiction and in dismissing Southbay's claims. Accordingly, we sustain Southbay's sole issue.

We reverse the trial court's judgment and remand for further proceedings in accordance with this opinion.

/s/    Frances Bourliot
Justice

Panel consists of Justices Jewell, Bourliot, and Poissant.

---

[3] In *Epps*, the supreme court identified several factors that may support an inference that a plaintiff nonsuited to avoid an unfavorable ruling, including: (1) nonsuit occurred after a defendant filed a motion for summary judgment; (2) plaintiff failed to respond to requests for admission or other discovery that could support an adverse judgment; (3) plaintiff failed to timely identify experts or other critical witnesses; and (4) other procedural obstacles existed that could defeat the plaintiff's claim, such as an inability to join necessary parties. 351 S.W.3d at 870–71. In making that determination, a trial court is not required to determine the actual merits of the plaintiff's claims as the claims themselves are no longer at issue in the case post-nonsuit. *See Shultz*, 195 S.W.3d at 101.

We additionally note that if a prevailing party determination under section 134.005(b) after a nonsuit is given res judicata effect, it would have a chilling effect on nonsuits, encouraging plaintiffs to instead "roll the dice" and hope for a favorable judgment in circumstances where nonsuit would have been appropriate. *See Epps*, 351 S.W.3d at 869; *Klein v. Dooley*, 949 S.W.2d 307, 308 (Tex. 1997).